[S. F. No. 362. In Bank.—January 7, 1898.]

## W. F. GOAD et al., as Trustees, etc., Appellants, v. ANNIE A. MONTGOMERY et al., Respondents.

ESTATES OF DECEASED PERSONS—TRUST UNDER WILL—DECREE OF DISTRIBUTION TO TRUSTEES—CONCLUSIVENESS OF DECREE UPON CONSTRUCTION OF WILL—POWER OF TRUSTEES.—A decree of distribution to trustees under the will of a deceased person, unappealed from, is final and conclusive as to the terms of the trust defined therein, and as to the powers and duties of the trustees in regard to the trust property distributed to them, which are to be measured by the terms of the decree, and not by the terms of the will, which is superseded by the decree, and cannot be resorted to as evidence to impeach the decree, or to establish powers of the trustees not conferred by the decree; and where such decree distributed certain real estate and certain mortgage securities to the trustees in lieu of a large money legacy required by the will to be managed by the trustees for the benefit of the minor children of the testator, and the decree declared that the property so distributed to them was "in trust that the said trustees shall manage the said property and pay over and deliver one-half of said property so distributed to them," to each of the children upon their respectively attaining the age of majority, the trustees, though originally empowered by the will as executors to sell and convey and dispose of all the property owned by the testator without any order of court, have no power to sell or dispose of any of the property distributed to them by the decree in trust, except as directed and confirmed by order of a court of competent jurisdiction.

ID.—POWER OF COURT IN DISTRIBUTION OF ESTATE—CONSTRUCTION OF WILL IN DECREE.—A court having jurisdiction to distribute the estate of a deceased person has power to determine what distribution shall be made under its decree to trustees named in the will, and to construe the will of the testator, and determine his intention in creating a trust thereunder, and to distribute the estate to the trustees in accordance with its own views of his intention, and of the powers and duties of the trustees appointed thereunder; and, where no appeal is taken from its decree by the trustees, it becomes conclusive upon them, and they can no longer contend for a different construction from that which is imported by the terms of the decree, which must be regarded as a construction by the court of the testator's inten-

tion, and is to be treated as if he had created the trust in the terms of the decree.

ID.—COINCIDENCE OF DECREES—PRIOR DECREE AUTHORIZING SUBSTITUTION OF PROPERTY FOR LEGACY—REFERENCE IN DECREE OF DISTRIBUTION.—A reference made in the decree of distribution to a prior decree made in an action brought by the trustees to have it determined that it was for the best interest of the estate to have the property distributed in kind among the parties interested, instead of converting it into money, by which decree certain designated property was substituted in lieu and in full satisfaction of a pecuniary legacy given to the minor children, is not to be considered as controlling the decree of distribution, though made in accordance therewith, and the court, in distributing the property, is to be deemed as acting in accordance with its own views.

ID.—TRUST TO MANAGE PROPERTY AND PAY OVER AND DELIVER THE SAME—POWER OF TRUSTEES.—A trust to manage property and deliver the same to beneficiaries named at their majority, in the absence of any other authority given expressly or by implication in the instrument creating the trust, requires that the property be kept and delivered in kind to the beneficiaries at the termination of the trust; and though a right to receive payment of bonds and mortgages, and to invest the sums so received in other securities, is consistent with the duty of the trustees to pay over and deliver the property held upon trust, their authority cannot be extended to include a right to sell or dispose of real estate so held by them upon trust, without a previous order or direction from the court.

ID.—POWER OF SALE BY EXECUTORS NOT APPLICABLE TO TRUST PROPERTY DISTRIBUTED TO TRUSTEES.—The rights and duties of executors are distinct from their rights and duties as trustees under the will, and a power of sale given to the executors as such is not applicable to trust property distributed to them as trustees under the will, and where no such power is conferred upon the trustees by the decree of distribution, it must be deemed not to exist in them as trustees under the will.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. A. A. Sanderson, Judge.

The facts are stated in the opinion of the court.

Platt & Bayne, and Rodgers & Paterson, for Appellants.

The court had jurisdiction to construe the will independently of the decree of distribution. (*Goldtree v. Thompson*, 79 Cal. 613.) The power to manage generally includes a power of sale. (*Hill v. Hill*, 6 Sim. 144, 145; *Commissioners v. Walker*, 38 Am. Dec. 435, par. 3.) The trustees were vested with the power to sell. (*Elmer v. Gray*, 73 Cal. 283, 284; *Morffew v. San*

*Francisco etc. R. R. Co.,* 107 Cal. 587.) The substitution of other property made no change in the rights of the trustees. (*Wells, Fargo & Co. v. Robinson,* 13 Cal. 144; *Preuser v. Terry* (Ky. 1891,) 16 S. W. Rep. 133.)

Franklin K. Lane, and G. Whitfield Lane, for Minor Respondents.

The word "manage" can by no possibility include a power of sale, and there is no implied power of sale.

W. S. Goodfellow, for Elizabeth A. Rodgers, Respondent.

No power of sale was conferred upon the trustees by the instrument creating the trust, and the property must be preserved by the trustees and delivered over in kind. (2 Perry on Trusts, secs. 602 g, 769; Tiffany on Trusts, sec. 613; *Watson v. Cleveland,* 21 Conn. 541, 542; *Roosevelt v. Fulton,* 7 Cow. 81; *Harrison v. Harrison,* 2 Atk. 121; *Tape v. Lathbury,* L. R. 1 Eq. 174; *Billington's Estate,* 3 Rawle, 55; *Thomson v. Peake,* 38 S. C. 440; *Hufbauer v. Jackson,* 91 Ga. 298.) The decree of distribution is controlling as to the rights of all persons legally or equitably entitled to any interest in the property of the estate. (*Siddall v. Harrison,* 73 Cal. 560, 563; *Estate of Hinckley,* 58 Cal. 457, 518.)

HARRISON, J.—Alexander Montgomery died November 4, 1893, leaving a last will and testament containing the following provisions:

"Fifth. I give and bequeath to W. F. Goad and A. W. Foster one million ($1,000,000) dollars, in trust for my two minor children, Annie A. Montgomery and Hazel G. Montgomery, to be managed by said trustees.

"Said trustees shall pay over one-half thereof to my daughter, Annie A. Montgomery, when she attains the age of majority, and the remainder thereof to my daughter, Hazel G. Montgomery, when she attains the age of majority.

"Ninth. I hereby authorize my executors hereinafter named to sell, convey, and dispose of all property that I may own, as in their judgment may be for the best interest of said estate, without any order from any court."

"Twelfth. I hereby nominate and appoint W. F. Goad and A.

W. Foster executors of this my last will and testament, and request that no bonds be required of them as such executors, or as trustees hereinunder."

The will was admitted to probate in the superior court of San Francisco November 22, 1893, and letters testamentary issued to the executors therein named. In April, 1895, while the administration of the estate was still pending, Goad and Foster, as the trustees for the children of the deceased, brought an action in the superior court for San Francisco against the several parties interested in the estate, setting forth in their complaint the execution and terms of the will; that the estate of said deceased consisted mainly of real estate and of indebtedness secured by real estate; that there was not in the hands of the executors money sufficient to pay the several legacies named in the will; that owing to the depreciated condition of the market and business generally, any attempt to convert the real estate into money would not produce sufficient to pay the legacies, and would greatly postpone the settlement of the estate; that in view of these considerations it had been proposed that, instead of converting the property of the estate into money, it should be distributed in kind to those interested therein; that as trustees under the provisions of the will they had doubts as to their rights and power with reference to said proposal, and they thereupon asked the court to instruct and direct them as to their duties and powers relative thereto. Upon the trial of the cause the court found substantially in accordance with the averments in the complaint, and also that it was for the best interest of the children that certain property should be accepted by the trustees in lieu of the moneys due them under the bequest, and thereupon, May 3, 1895, rendered its judgment directing and instructing the trustees to accept certain designated property "in lieu and in full satisfaction of the pecuniary legacy bequeathed to them as aforesaid by said will, in trust for said Annie A. Montgomery and Hazel G. Montgomery," and also to consent that said property be by the decree of distribution to be made in said estate distributed to them in trust as aforesaid, in lieu and in full satisfaction of the said pecuniary legacy. Thereafter, May 6, 1895, the executors of said will filed their petition for a final distribution of the estate, and on May 15th, the court made its order and decree of distribution by which the property

designated in the above-named decree was distributed to the said Goad and Foster, as trustees under the will of said Montgomery, in trust for the children during their minority, "and in trust that the said trustees shall manage the said property and pay over and deliver one-half of said property, so distributed to them as aforesaid," to each of the said children upon their respectively attaining the age of majority. The decree of distribution contained also the following provision: "And said property so distributed to said W. F. Goad and A. W. Foster, as trustees as last aforesaid, is so distributed to them in lieu and in full satisfaction of the legacy of one million ($1,000,000) dollars, and of the interest thereon bequeathed to said W. F. Goad and A. W. Foster as trustees for said Annie A. Montgomery and Hazel G. Montgomery in and by the provisions of the said will." The property thus distributed to the trustees includes sundry promissory notes secured by mortgages upon real estate, and also various parcels of land situated in different parts of this state, and the trustees being in doubt as to their powers and duties with reference to the said property—particularly in reference to their power to sell the real estate without the order and approval of the superior court—brought the present action for the purpose of having their rights, powers, and duties in the premises declared and defined. The superior court determined, among other things, that, as to the legacy of one million dollars given to them in trust by the will of Montgomery, the trustees were vested "with the same powers that all trustees in such cases possess, and none other, to wit, the right and power to control and handle the fund, to loan it out at interest on approved securities, such as bonds, mortgages, and the like, and to purchase secure interest bearing bonds therewith.

"That the trustees have no power or authority to sell or dispose of all or any portion of the property which was theretofore distributed to them as such trustees by said decree of distribution (in lieu of said pecuniary legacy in said will) made and entered in this court in the matter of the estate of said Alexander Montgomery, deceased, save and except as such sale or disposition may be directed by order of a court of competent jurisdiction, and subject to confirmation by such court.

"That the authority conferred on the executors of said will by

the provisions of the clause of said will marked and numbered 'Ninth' was meant to be and was limited to the sale, conveyance, and disposition of the property of said testator so far only as was required or advisable in the administration in probate and the distribution of said estate, and was not intended by said testator to confer any power of sale on the said trustees mentioned in said will."

From these portions of the judgment the plaintiffs have appealed.

The decree of distribution is the instrument by virtue of which the plaintiffs have received the property in trust for the children, and their powers and duties in regard to that property are to be measured by the terms of this decree. For the purpose of enabling the superior court to distribute the estate of a testator in accordance with his will, it is required to consider the will as well as the estate left by him, and to construe its terms for the purpose of determining his intention, and make its order or decree of distribution in accordance with such construction; but, as in the case of a judicial determination of any other instrument, the instrument is but evidence upon which the court acts in rendering its judgment. The judgment is the final determination of the rights of the parties to the proceeding, and upon its entry their rights are thereafter to be measured by the terms of the judgment, and not by the instrument. A will can no more be used as evidence to impeach the decree of distribution than can any other evidence upon which a judgment is rendered. Section 1665 of the Code of Civil Procedure requires the court, in making distribution of the estate, to distribute the residue of the estate in the hands of the executor "among the persons who by law are entitled thereto," and the provision in section 1666 that the court must name in the decree "the persons and the proportions or parts to which each shall be entitled" requires the court in making such decree to give a construction to the terms of the will. The further provision in the same section that "such order or decree is conclusive as to the rights of heirs, legatees, or devisees, subject only to be reversed, set aside, or modified on appeal," precludes all right to impeach the decree except upon an appeal, and causes the decree to supersede the will and to prevail over any provision therein which may be thought inconsistent

with the decree. The decree is conclusive, not only as to the persons who have any rights in the estate, but also as to the extent and limitation of their rights. Whether the distribution is to individuals in their own right, or to hold for others under specified trusts, the rights of all parties interested in the estate are determined by the decree, and thereafter it becomes immaterial to consider whether the will has received a proper construction. The court may incorporate the provisions of the will in its decree, either in express terms or by reference thereto, as was the case in *Goldtree v. Thompson,* 79 Cal. 613, where the decree distributed the property to the trustees to hold in the manner named and set forth in the will, "and to which reference is hereby particularly made as a guide to the trustees in the discharge of their trust." In such a case, the terms of the will become the language of the decree, but it is still the decree, and not the will by which the rights of the parties are determined.

If the plaintiffs herein had felt that the decree of distribution was erroneous or defective, in not giving to them the powers which, in their opinion, the terms of the will authorized to be conferred upon them, they could have appealed therefrom and had the decree corrected, but by their failure to appeal the decree has become conclusive upon them, and they can no longer contend for a different construction than such as its terms import. (*Estate of Garraud,* 36 Cal. 277; *Daly v. Pennie,* 86 Cal. 552; 21 Am. St. Rep. 61; *William Hill Co. v. Lawler,* 116 Cal. 359.) In *Estate of Hinckley,* 58 Cal. 457, an appeal was taken directly from the decree of distribution, and the court below was directed to modify its decree in conformity with what this court held to be a correct construction of the will, and in its opinion, after indorsing the following language of the lower court, viz: "It is under our system the necessary province of a probate court to inquire and determine whether a valid trust has been created," said also: "We may add that it is within the province of the probate court to define the rights of all who have legally or equitably any interest in the property of the estate derived from the will, whether they are entitled to any present enjoyment or their interests are contingent"; thus clearly indicating that, in the absence of any appeal from that decree, the action of the probate court would have been conclusive.

In the decree of distribution the court finds as a fact: "That the property of said estate is of great variety and extent; that it has been found impracticable to convert the same into money without a probable loss to the legatees and devisees named in said will, and that, if the property of said estate should be held until converted into money, the delay in the distribution would be indefinite"; and the court also found as another fact that for these and other reasons the legatees, Goad and Foster, had been authorized by a decree rendered in an action brought by them for that purpose to accept the property which was distributed to them in lieu and full satisfaction of the legacy to them provided in the will; but, while these facts are recited in the decree and were considered by the court, the decree of distribution does not purport ·to have been made by reason of such judgment, or to have been dependent thereon. Counsel have not discussed the effect of this judgment, and it is unnecessary for us to consider its effect, or whether there was any authority in the court to render it. It would be an anomaly in jurisprudence that a court which is vested with full jurisdiction in matters of probate should be controlled in the exercise of that jurisdiction by the action of a co-ordinate court which has neither controlling nor revisory jurisdiction in such matters. The court was not required to follow that judgment, but could distribute the estate in accordance with its own views (see *Siddall v. Harrison,* 73 Cal. 560); and, inasmuch as the decree of distribution does not purport to have been made by reason of such judgment, it must be regarded as having been made upon an exercise by the court of its own judgment upon the construction to be given to the will and the consideration of the rights of the parties thereunder. The fact that the distribution which it made to the plaintiffs is of the same property as that which they were authorized to receive by the said judgment is only a coincidence, and not a consequence.

By the terms of the decree of distribution the property distributed to the plaintiffs was to be held by them in trust, that they should "manage the said property and pay over and deliver the same" to the children as they should respectively attain the age of majority. This distribution of the property, "in lieu and in full satisfaction of the legacy of one million dollars," must be regarded as a construction by the court of the testator's inten-

tion in creating the trust, and is to be treated as if he had created the trust in the terms used in the decree. In the absence of any authority given expressly or by implication in the instrument creating a trust, property which is placed in the hands of trustees, to be held by them for a limited time, or until the happening of an event, must be kept by them and delivered in kind to the beneficiaries at the termination of the trust. (*Harrison v. Harrison*, 2 Atk. 121.) Mr. Perry says: "Under no circumstances can a trustee or guardian of an infant convert the ward's real estate into personalty by a sale without the order or decree or license of a court." (Perry on Trusts, sec. 609.) The trust herein to "manage" the property implies, by force of the term used, that the trustees are to retain it under their control, and is inconsistent with the idea that they have authority to sell or otherwise dispose of it. "To manage an estate is, in common parlance, as well as legal acceptation, no authority to part with the entire interest." (*Roosevelt v. Fulton*, 7 Cow. 81.) The further provision that the trustees are to "pay over and deliver" to the beneficiaries "the property so distributed to them" at the termination of the trust indicates that, so far as is consistent with the nature of the property, the beneficiaries are entitled to receive it in the same condition in which it was received by the trustees. This provision applies to the different kinds of property distributed to the trustees, and indicates that of said property—*reddendo singula singulis*—the children upon reaching their majority are to be paid that which is susceptible of payment, and to have delivered to them that which is not so susceptible. It was shown that the property received by the trustees consisted of real estate amounting in value to about four hundred thousand dollars, and bonds and mortgages amounting in value to about six hundred thousand dollars. The duty of the trustees in regard to the bonds and mortgages that may mature during the continuance of the trust is not involved in the present appeal. Their right to receive payment thereon, and to invest the sums so received in other securities, is consistent with their duty to pay over and deliver to the children the property distributed to them, but cannot be extended to include the right to sell or otherwise dispose of the real estate, without a previous order or direction from the court.

Although the persons named in the will as its executors are the same as those to whom the testator directed the property to be distributed in trust for his children, yet the power of sale conferred upon the executors was not given by him to them as trustees, but terminated with their discharge as executors. The fact that the two offices are held successively by the same individuals does not give to them in the exercise of one office the power that had been conferred for the exercise of the other. Their rights and duties as executors were quite distinct from the duties imposed upon them as trustees, and their powers and duties as trustees did not begin until as executors they had ceased to have any control over the property, and, as above seen, the decree of distribution is alone to be considered for the purpose of ascertaining their powers. The testator may have been willing to give this power of sale to his executors, since he knew that every sale by them must be confirmed by the court before the title to the land would pass from his estate, while he might have been unwilling to vest the same persons with a power whose exercise would be without such supervision and control.

The judgment is affirmed.

McFarland, J., Henshaw, J., Garoutte, J., and Van Fleet, J., concurred.