[Sac. No. 655.   Department One.—June 21, 1899.]

In the Matter of the Estate of SOLOMON RUNYON, Deceased.  E. DANN and N. ANDERSON, Executors, Appellants, v. ELMINA A. RUNYON et al., Respondents.

ESTATES OF DECEASED PERSONS—COMPENSATION OF EXECUTOR FIXED
BY WILL—EXTRA SERVICES—RENUNCIATION OF WILL.—A will
fixing the compensation of an executor in an amount in excess
of his legal fees must be deemed to fix the measure of his compensation for all services of every kind to be rendered by him;
and no claim for extra services, however beneficial to the
estate, can be allowed to the executor, unless he has, by a
written instrument, filed in court, renounced the provision of
the will for compensation, as provided in section 1616 of the
Code of Civil Procedure.

APPEAL from an order of the Superior Court of Sacramento
County settling the account of an executor, and disallowing an
item for extraordinary services.  Joseph W. Hughes, Judge.

A. P. Catlin, for Appellant.

Ora Runyon Buckman, for Respondent.

HARRISON, J.—Appeal from an order settling the annual
account of the executors, and striking therefrom an item of
$1,226.86 for extraordinary services claimed to have been rendered by one of the executors.

The appellants are the executors of the last will and testament of the deceased, and in his will appointing them he made
the following provision in reference to their compensation: "In
lieu of the commissions allowed by law for executors, which
I deem insufficient, I do hereby provide that my said executors
shall be entitled to receive the sum of five thousand ($5,000)
dollars each as and for full compensation for their services respectively as such executors, in addition to their actual expenses."  Neither of the executors filed a renunciation of his
claim for compensation provided by the will.

The personal estate of the testator was valued in the inventory returned by them at the sum of $245,405, and the real
estate at $99,500; and in the account presented by them for
settlement it appears that the estate of the decedent accounted

for by them amounts to $422,244. The real estate consisted of four farms, not adjoining each other, and aggregating about 1,650 acres, the most distant being about eighteen miles apart. A portion of this land was planted to fruit trees and devoted to the culture and production of fruit, and a portion was rented to tenants. One of the executors — Dann — had been in the service of the testator for upward of ten years prior to his death, at a salary of $100 per month, as the active manager of all his farming operations, both in the culture of fruit and other produce, and upon the death of the testator the executors deemed it for the advantage of the estate that he should continue in this management; and he thereupon continued to manage the farms and business connected therewith. It is for this management that his claim for extraordinary services was made, computed at the rate of $100 per month. The court finds that Mr. Dann was well qualified to perform these services, and that they were beneficial to the estate, and that the income of the estate was increased thereby, and also that the services were not such as were incumbent upon him in the common course of his duties as executor.

Section 1616 of the Code of Civil Procedure provides that the executor "shall be allowed . . . . for his services such fees as are provided in this chapter; but when the decedent by his will makes other provision for the compensation of his executor, that shall be a full compensation for his services, unless by a written instrument filed in the court he renounces all claim for compensation provided by the will." As no renunciation of the claim for the compensation provided by the will was filed by either of the executors, the court was required, under this section, to hold that the provision thus made was a "full compensation for his services," and to deny his claim for any further allowance for extraordinary services. It will be observed that the amount of compensation provided in the will is largely in excess of the commissions to which the executors would have been entitled if no provision had been so made, and it is reasonable to suppose that when the testator appointed the manager of his farms to be one of his executors he had this fact in mind, and made the appointment in order that after his death his estate might continue to receive the benefit of his services and

experience as such manager, and that he fixed the amount of his compensation in contemplation thereof. The statement in his will that he deemed the commissions allowed by law to be insufficient compensation implies that he expected that they would perform other duties than those ordinarily required of an executor.

We cannot assent to the proposition of the appellants that the provision in section 1618 of the Code of Civil Procedure, "In all cases such further allowance may be made as the court may deem just and reasonable for any extraordinary services"— authorized the court to disregard the provisions of section 1616. The cases here referred to are those provided in the first sentence of the section, viz., "when no compensation is provided by the will, or the executor renounces all claim thereto." The amount provided by the will must be taken as the measure of compensation which the testator deemed ample for all services to be rendered in the execution of the trust, and if the executors, either upon assuming their office, or by reason of unexpected circumstances occurring during the course of their administration of the trust, are called upon to perform extraordinary services, they must first renounce the compensation provided by the will before they can be entitled to any allowance for such additional services. The compensation of an executor, whether according to the rates fixed by the statute, or as determined by the testator, is not a gratuity, but is in consideration of the services he may render, and the amount fixed by the statute is deemed ample compensation for the services ordinarily required. If the executor would claim that his services entitle him to a greater compensation than that allowed by the statute, he must first renounce that provided by the will, and the court can then make him such allowance as will fully compensate him. Unless such renunciation is made, the provision in the will will be held under section 1616 to be "full compensation" for his services.

The right of an executor to receive compensation for extra services, in addition to the statutory allowance, was very fully considered in *Collier v. Munn*, 41 N. Y. 143. In that case one of the executors was an attorney-at-law, and at the request of his coexecutors, and upon their agreement with him that he should be compensated therefor, he rendered services as an at-

torney in certain important litigation for the protection of the estate, which were of great value and advantage to the estate. The court held, however, that, notwithstanding the services rendered did not devolve upon him as an executor, and were not such as could be required of him by virtue of his office, he was not entitled to any compensation therefor; that the commissions allowed by law must be his entire compensation for all the services rendered by him in the discharge of his trust.

The order is affirmed.

Garoutte, J., and Van Dyke, J., concurred.