[Sac. Nos. 986, 994.   Department One.—May 2, 1902.]

ALBERT M. BEMMERLY et al., Respondents, v. MARY WOODARD, Executrix, etc., Appellant; and ALBERT M. BEMMERLY et al., Appellants, v. MARY WOODARD, Executrix, etc., Respondent.

ESTATES OF DECEASED PERSONS—PERSONAL REPRESENTATIVES—ACTION FOR ACCOUNTING—SERVICES OF EXECUTOR AS TRUSTEE—RES ADJUDICATA.—In an action by the successors in the administration of the estate of a deceased person for an accounting against the executrix of a deceased executor, who was named in the will as a trustee, where the court found that the executor served as trustee for a certain period, and that his services as such were worth a specified sum per year, and gave judgment accordingly, and the plaintiffs did not appeal therefrom or move for a new trial, but, upon the defendant's motion, a new trial was granted as to other issues, not including the ascertained value of the services of the deceased executor as trustee, the plaintiffs cannot upon appeal from the judgment rendered on the new trial object to the allowance of any compensation for services of the executor as trustee.  The former findings of the court thereupon are not open for re-examination, and the plaintiffs are concluded thereby.

ID.—DATE OF SERVICE AS TRUSTEE—SERVICES AS EXECUTOR.—Where it appears that it was the intention of the court to find that the executor rendered no service as trustee prior to the close of his services as executor, the finding cannot be construed as importing that the value of his services as trustee was the same amount per year prior to that time, and a finding that he earned nothing as trustee prior to that time, implies that no services were rendered by him as trustee before that time.

ID.—CONTINUING TRUST—OPINION UPON APPEAL.—An expression in the opinion rendered upon a former appeal, that the will "imposed upon the executors a continuing trust in addition to the ordinary duties of executors," does not imply that the deceased executor was entitled to compensation as trustee from the time of his appointment under the will.

ID.—BEGINNING OF DUTIES AS TRUSTEE.—In the absence of any direction in the will, or any evidence in relation thereto, the duties of an executor as trustee under the will would not begin until after the duties of the executor had terminated.

ID.—DUAL RELATION—CLOSE OF ADMINISTRATION.—It would be inconsistent to permit the executor to receive compensation in the dual relation of executor and trustee, and he was not entitled to compensation as trustee until after the allowance of his commissions as executor, at the close of his administration as executor.

ID.—BURDEN OF PROOF.—The burden is upon an executor who continues
to administer the estate, if he would claim the compensation of a
trustee rather than that of an executor, to establish the point of
time at which such change in his official character took place.

ID.—MODIFICATION OF JUDGMENT—DIRECTION UPON APPEAL—DEDUCTION
OF INTEREST.—Where, upon a former appeal, the court was directed
"to modify the judgment in favor of the executrix of the deceased
executor, by deducting the interest therefrom, and, further, if it
should be rendered necessary upon the new trial," it was proper for
the court not to enter a new judgment, but, if no further modifica-
tion was found necessary, to deduct from the judgment as entered
the amount thereof, which was made up of such interest.

APPEALS from a judgment of the Superior Court of Yolo
County and from an order denying partial new trial. E. E.
Gaddis, Judge.

The facts are stated in the opinion of the court.

E. B. Mering, for Mary Woodard, Executrix, etc., Appel-
lant and Respondent.

J. C. Ball, for Albert M. Bemmerly et al., Respondents and
Appellants.

HARRISON, J.—George W. Woodard was the executor
of the last will and testament of Michael Bemmerly, de-
ceased, and continued in the management and possession of
the estate until his death, December 22, 1894. This action
was brought by the plaintiffs, as his successors in the office
of administrator, to obtain from the defendant, as his ex-
ecutrix, an accounting of his administration and the posses-
sion of the estate. After a trial had been had in the superior
court, an order was made by that court, upon the motion of
the defendant, granting a new trial upon certain designated
issues, and denying the motion as to all the other issues.
From this order, and also from the judgment previously
entered, the defendant appealed. Upon the appeal this court
directed a modification of the judgment in certain respects
and affirmed the order granting a retrial of those issues. The
facts involved in the controversy between the parties are
quite fully set forth in the opinion given upon that appeal.
(*Bemmerly* v. *Woodard*, 124 Cal. 568.)

The issues upon which the superior court directed a new trial were whether Woodard was appointed the trustee of the estate by the terms of the will of Bemmerly; at what time his trusteeship commenced and when it terminated; and whether Woodard had performed any extraordinary services in the administration of the estate. Upon the retrial of these issues the court found that he was appointed trustee of the estate by the terms of the will; that his trusteeship commenced on the eighth day of June, 1877, and continued until his death, December 29, 1894; that as such trustee he did not earn and was not entitled to any compensation from the eighth day of June, 1877,—the date at which he qualified as executor,—to the first day of January, 1884; that he did not as executor of Bemmerly perform any extraordinary services in the administration of the estate. The judgment previously entered was thereupon modified by deducting therefrom the amount included for interest subsequent to the death of Woodard, as had been directed by this court upon the former appeal. A motion on behalf of each party for a new trial was denied. From this order, and also from the judgment as thus modified, each party has appealed—the plaintiffs (case No. 994) upon the ground that the court should have found that Woodard was not entitled to any compensation whatever for his services as trustee, and the defendant (case No. 986) upon the ground that the court should have allowed compensation for his services as trustee at the rate of twelve hundred dollars per year for each year subsequent to June 8, 1877.

1. The plaintiff's objection to the allowance of any compensation for the services of Woodard as trustee is foreclosed by the former decision of the superior court. The court then found that he was trustee of the estate from January 1, 1884, to January 1, 1894, and that his services therefor were worth twelve hundred dollars per year each year, and gave judgment accordingly. The plaintiffs neither moved for a new trial nor appealed from this judgment. The value of Woodard's services, as well as his right to recover any compensation therefor, were not included among the issues upon which the court directed a new trial. The former findings of the court thereon are not therefore now open for re-examination.

2. The contention on behalf of the defendant, that inasmuch as the finding upon the former trial as to the value of the

services of Woodard as trustee was not within the issues to
be retried, the finding that their value was "twelve hundred
dollars per year each year" required the court to allow that
sum from the time when his trusteeship commenced is un-
tenable. The finding upon that subject was: "G. W. Wood-
ard was trustee of the estate of said Michael Bemmerly,
deceased, from the first day of January, 1884, to the first day
of January, 1894, and his services were worth twelve hundred
dollars per year each year." The value of the services per
year is thus expressly limited to those performed subsequent
to January 1, 1884, and the finding cannot be construed as
determining the value of his services at any other time.
Upon the former trial the court did not find whether Wood-
ard was a trustee prior to the year 1884, or whether he had
performed any services for the estate prior to that date, and
consequently did not assume to find the value of any services
during that time.

That it was the intention of the court to hold that Woodard
was not entitled to compensation for services as trustee of
the estate prior to the year 1884 is shown upon the proceed-
ings of the court wherein a new trial of the above issues was
directed. The court had found the value of such services
subsequent to January 1, 1884, as above shown, but it had
not found whether Woodard had rendered any extraordinary
services as executor, as claimed by the defendant, or when
his trusteeship commenced, or the value of any services ren-
dered by him prior to 1884. In the statement on her motion
for a new trial the defendant specified as grounds therefor
that the evidence was insufficient to sustain the above findings
as to the value of his services in this, "that there is no evi-
dence that his services as trustee were worth only twelve
hundred dollars per year, or that they were worth less than
three thousand dollars per year during all the period from
June 8, 1877, until December 22, 1894." In its order direct-
ing a new trial the court recites as a reason therefor that on
its former decision it "intended to find and give as full com-
pensation for all extra services as executor, and for all
services as trustee under the will, the sum of twelve hundred
dollars per annum for each year, beginning with the first day
of January, 1884"; but that "inasmuch as this intention of
the court is not expressed with sufficient clearness in the

findings," directs that a new trial be granted upon these issues, "in order that specific findings may be made thereon." It is thus manifest that the court upon the first trial intended to decide that Woodard was not entitled to compensation for any services performed as trustee prior to the year 1884, and the "specific finding" made upon the retrial carries out the purpose for which such retrial was ordered.

Upon the retrial the court found that Woodard's trusteeship commenced June 8, 1877, but it does not find that he performed any services for the estate as trustee prior to the year 1884. The finding that the trusteeship commenced June 8, 1877, does not necessitate the conclusion that he was entitled to compensation for services as a trustee prior to the year 1884, unless the court had also found that he had rendered services as a trustee during that period; and the finding that he did not earn and was not and is not entitled to any compensation from the eighth day of June, 1877, to the first day of January, 1884, implies that no such services were rendered by him. This finding is, moreover, fully sustained by the evidence. The testimony in reference to the services rendered by Woodard is general in its character and indefinite as to the time when they were rendered. No distinction appears to have been made by the witnesses between those rendered prior to January 1, 1884, and those rendered subsequent thereto. Neither can it be said that the services shown to have been performed by him prior to the year 1884 are not such as pertain to the office of an executor in the proper administration of the estate of his testator; and the finding of the court that he did not perform any extraordinary services as executor, not being objected to, must be accepted as sustained by the evidence.

That the court was authorized to find that he did not perform any services as trustee prior to the year 1884 appears also from other portions of the record. It was found that he filed his accounts as executor of the estate from time to time; that on the second day of January, 1884, he filed in the superior court an annual account of his administration of the estate up to that date, and that he did not thereafter make to the court any report or account of his administration. Upon the settlement of this account he was allowed his commissions as executor, amounting to $2,825. The com-

missions upon the administration of an estate are not payable until the close of the administration. (*Estate of Rose,* 80 Cal. 166.) One of the beneficiaries had become entitled to receive her portion of the estate about a month prior to the filing of this account, and upon a division thereof at that time, as provided by the will, his duties as executor would have terminated. Although there was no formal declaration of record that his duties as executor had then ceased and those as trustee begun, the evidence before the court was such as to justify it in holding that it was proper for his compensation as trustee to begin at that time. There would have been a manifest inconsistency in permitting him to receive at the same time compensation for each of the dual relations which he held to the estate during his administration, and as it was in his power to obtain a termination of his office as executor whenever his administration of the estate as such had terminated, his failure to do so made it incumbent upon the defendant herein to clearly show to the court that his relationship to the estate had changed prior to that date.

The expression in the opinion upon the former appeal relied upon by the defendant, that the will ''imposed upon the executors a continuing trust in addition to the ordinary duties of executors,'' does not imply that he was entitled to compensation as trustee from the time of his appointment under the will. The court does not declare in its opinion the date at which he had entered upon his duties as such trustee, or when such duties would begin. In the absence of any direction in the will, or any evidence in relation thereto, the duties of a trustee named in the will, even though he be the person named therein as executor, would not begin until after the duties of the executor have terminated (see *Goad* v. *Montgomery,* 119 Cal. 552[1]); and until he commences to exercise his duties as trustee he is not entitled to compensation therefor. If such person takes possession of the property immediately upon his appointment as executor, and continues to administer the estate until the termination of his trust, the burden is upon him, if he would claim the compensation of a trustee rather than that of an executor, to establish the point of time at which such change in his official character took place.

3. Upon the former appeal it was held that it was error to

[1] 63 Am. St. Rep. 145.

allow interest after the death of Woodard, and the superior court was directed "to modify the judgment in regard to the allowance of interest in accordance with this opinion, and further, should it be rendered necessary by the new trial ordered." Under this direction the proper course for the court to take, in the absence of any further proceedings in the cause, was not to enter a new judgment, but to deduct from the judgment as entered the amount thereof, which was made up of such interest. The direction for a "further"modification "should it be rendered necessary by the new trial ordered," had reference to the result of the new trial which had been directed, and to the previous expression in the opinion, "Of course, if upon such retrial a new judgment is necessitated, it must be entered." As upon the new trial the court found that Woodard was not entitled to compensation for any services rendered as trustee prior to the year 1884, any further modification of the judgment was not "rendered necessary," and the court complied with the direction of this court in deducting from the judgment that had been entered the amount thereof which was made up of interest after the death of Woodard.

The judgment and order are affirmed.

Van Dyke, J., and Garoutte, J., concurred.

Hearing in Bank denied.