[S. F. No. 8615. Department One.—October 31, 1918.]

In the Matter of the Estate of NELLIE S. PRESCOTT, Deceased. GEORGE FREDRICKS, Trustee, etc., Appellant; JESSIE GRAY BOOTH, Respondent.

TRUST—SETTLEMENT OF FIRST ACCOUNT—COMPENSATION OF TRUSTEE.— An allowance to a trustee on the settlement of his first account of the sum of two hundred dollars for fourteen months' service in the management and control of the trust estate, is not so inadequate as to justify the interference of an appellate court, where the trust fund was invested in sound bonds, and except for a sale of a few of them, and the substitution of others, the trustee had little to do beyond collecting and remitting the income.

APPEAL from a portion of a decree of the Superior Court of Sonoma County fixing compensation of a trustee of an estate. Thos. C. Denny, Judge. Affirmed.

The facts are stated in the opinion of the court.

Percy E. Towne, for Appellant.

Augustin C. Keane, for Respondent.

SLOSS, J.—The will of Nellie S. Prescott bequeathed two hundred thousand dollars to George Fredricks in trust to manage and invest the same, and to pay the income in equal shares to Elizabeth H. Booth and her three daughters during their respective lives. The will was admitted to probate, and thereafter Fredricks, as trustee, applied for and obtained a decree of partial distribution distributing to him a number of bonds, together with a sum in cash sufficient to make up the full amount of the bequest. His first account, covering a period of fourteen months following the partial distribution, was filed, together with a report, and a prayer for compensation to him and his attorney. The account showed that the entire income, less some minor and necessary expenses, had been remitted to the four beneficiaries, each of whom had received $2,090.24. There was no opposition to the account, and the court duly settled it, allowing the sum of two hundred dollars each to the trustee and his attorney, incorporating in its decree a finding that these sums constitute a reasonable

compensation. The trustee appeals from that part of the decree fixing his compensation.

The only question is whether an allowance of two hundred dollars for fourteen months' service in the management and control of this trust estate is so inadequate as to justify the interference of an appellate court. The compensation of the trustee is confided to the discretion of the trial court. (Code Civ. Proc., sec. 1700.) The provision of section 2274 of the Civil Code for measuring the trustee's compensation by that of an executor is not applicable here. The statutory commissions of an executor or administrator are to be allowed only when the estate has been fully administered. (*In re Rose*, 80 Cal. 166, 180, [22 Pac. 86]; *Bemmerly* v. *Woodard*, 136 Cal. 326, 331, [68 Pac. 1017].) They cannot, therefore, afford the basis for fixing the compensation of a trustee at any earlier stage of the execution of the trust.

The allowance here made was undoubtedly small—probably smaller than we might have thought proper had the question of compensation come before us for original determination. There is, however, no inflexible rule for measuring the allowance, the question of what is a reasonable compensation depending "largely upon the circumstances of each particular case." (39 Cyc. 492.) In the present instance it appears that the trust fund was invested in sound bonds, and, except for the sale of a few of these, and the substitution of others, the trustee had little to do beyond collecting and remitting the income. He does not claim that he was put to any personal expense in his trusteeship. Of course, the responsibility of holding and safeguarding a trust fund is an element to be regarded in fixing compensation. But we may fairly assume that the court felt that this feature might more properly be left for consideration upon the final winding up of the trust— or at least at some later stage of its administration. Viewing the record as a whole, we do not feel warranted in saying that the action of the trial court in fixing the amount to be retained by the trustee manifests an abuse of discretion.

The portion of the decree appealed from is affirmed.

Richards, J., *pro tem.*, and Angellotti, C. J., concurred.