[Civ. No. 5836. Second Appellate District, Division Two.—September 21, 1927.]

In the Matter of the Estate of WILLIAM SHAW, Deceased. MARIE SHAW McREAVY, Appellant, v. MARION SHAW, Respondent.

F. L. Richardson for Appellant.

Crouch & Sanders for Respondent.

COLLIER, J., *pro tem.*—On February 8, 1923, William Shaw duly executed his last will and testament, in which, among other things, it was provided:

"Twelfth: I hereby affix the compensation of my executor and trustee at the sum of $10.00 per month, for the first twelve months after qualifying as such, and $5.00 per month for each month thereafter."

On February 16, 1925, he duly executed a codicil to his will changing the above provision to read as follows:

"Second: It is my further will and desire that the compensation of my executor and trustee fixed in the Twelfth paragraph of my said will be Thirty Dollars ($30.00) per month instead of Ten Dollars ($10) and Five Dollars ($5) per month respectively, as therein provided, and that said paragraph twelfth of my said will is hereby revoked and changed accordingly."

Shaw died March 17, 1925. On April 3, 1925, his will and testament was admitted to probate. Marie Shaw Mc-Reavy, the appellant here, was appointed executrix thereunder and qualified as such. On May 19, 1925, appellant filed a "Renunciation of Compensation Given Executrix by Will" worded as follows: "Comes now Marie Shaw Mc-Reavy, the duly appointed, qualified and acting Executrix of the above named estate and hereby renounces all compensation given her under the last will and testament of William Shaw, deceased, and hereby elects to take the compensation allowed her by law, under the provisions of Section 1618 of the Code of Civil Procedure of the State of California."

At the time of his death Shaw was engaged in the business of building and selling houses, and at his decease he was the owner of a large number of houses and a large number of contracts for houses previously built. Some of these buildings were in process of construction and were completed by the executrix. Under the orders of the probate court she sold nine separate pieces of the real estate. She also adjusted and paid many outstanding claims for labor and material. In this and other matters she performed a great number of extraordinary and unusual services, for which she applied to and was allowed by the court the sum of $500. In her final account the appellant took credit for said $500 and also for $1,458.16, the statutory fees based upon the appraisal of the estate. Appellant also credited herself with $35, expended by her as commissions and paid to an agent for the sale of the household furniture and one automobile belonging to the estate. Upon the hearing of the final account respondent objected to said items of $500, $1,458.16 and $35. The objections were sustained and such amounts disallowed. From the order disallowing said amounts the executrix appeals.

Respondent takes the position that "where an instrument by which a trust is created fixes the compensation of the trustees, they cannot claim a larger sum. They are entitled to the amount specified, and no more." (Civ. Code, sec. 2274.)

That there is a great distinction between a "trustee" and an "executor," even though these offices are held by one and the same person, there can be no question. "The per-

formance of the trust created by the fifth article of the will is a duty devolving upon the persons named as executors and trustees *in their capacity as trustees.* (Italics ours.) It forms no part of their duty in their capacity as executors in the administration of the estate proper. . . . 'The appointment to a trust under the will, not essential to the office of an executor, does not constitute the trustee an executor according to the tenor, for the offices of an executor and of a trustee are distinct, and may be vested in different persons, and when they are vested in the same person the functions of each are nevertheless to be performed by him in the respective capacity, the probate court having jurisdiction over him in the one, but not in the other capacity . . . ' (1 Woerner on Administration, p. 504.) The authorities cited by the author fully support the text." (*Estate of Phelps,* 179 Cal. 703, 709 [178 Pac. 846].)

"The rule that the executors were succeeded by trustees whose duties were entirely different is well stated in *Wheatley* v. *Badger,* 7 Pa. St. 462, where it is said: 'It would be as absurd for a trustee to attempt the duties of an executor as for an executor to attempt the duties of a trustee, and it is therefore the business of the court to separate the two offices, in a question like the present, *reddendo singula singulis.* As executor he was to pay the legacies; as trustee he was the devisee and depositary of the legal title for the accomplishment of confidential purposes, with which the office of an executor has no necessary connection. Had not the creation of the two offices in the same person been coupled also in the same clause, there would not have been a doubt of this severance in the contemplation of the testator; the will would have presented the union of distinct rights in the same person which are always treated as if they existed in different persons.' " (*Mackay* v. *San Francisco,* 128 Cal. 678, 684 [61 Pac. 382, 384].)

"Although the persons named in the will as its executors are the same as those to whom the testator directed the property to be distributed in trust for his children, yet the power of sale conferred upon the executors was not given by him to them as trustees, but terminated with their discharge as executors. The fact that the two offices are held successively by the same individuals does not give to them in the exercise of one office the power that had been con-

ferred for the exercise of the other. Their rights and duties as executors were quite distinct from the duties imposed upon them as trustees, and their powers and duties as trustees did not begin until as executors they had ceased to have any control over the property . . . '' (*Goad* v. *Montgomery,* 119 Cal. 552, 561 [63 Am. St. Rep. 145, 51 Pac. 681, 684].)

And ordinarily the trustee's duties begin when those of the executor end. (*Goad* v. *Montgomery, supra.*)

''In the absence of any direction in the will or any evidence in relation thereto, the duties of a trustee named in the will, even though he be the person named therein as executor, would not begin until after the duties of the executor have terminated (see *Goad* v. *Montgomery,* 119 Cal. 552 [63 Am. St. Rep. 145, 51 Pac. 681] ; *and until he commences to exercise his duties as trustee he is not entitled to compensation therefor.''* (Italics ours.) (*Bemmerly* v. *Woodard,* 136 Cal. 326, 331 [68 Pac. 1017, 1019].)

Respondent relies on *Estate of Whitney,* 78 Cal. App. 638 [248 Pac. 754], but the point here involved was not the issue in that case, for on page 647, the court says: ''The next objection relates to the order concerning the compensation of respondent *trustees under the will.''* And on page 648 we read : ''At the close of the administration of the estate . . . executors filed their final account and petition for distribution. They filed a waiver of the compensation fixed by the will and asked for and were given the statutory commissions as executors in lieu thereof. . . . In the order settling the final account it was provided that the sum allowed was for *executors' commissions only* and was exclusive of such compensation as might thereafter be allowed by the court for such services as might be rendered by the executors as trustees under the terms of the will. No appeal was taken from this order and it became final. When the *first account of the trustees* as such was heard they petitioned the court for a reasonable allowance to them as trustees for services rendered in relation to the trust *subsequent to the decree of distribution.* Appellants herein filed their objection to any order being made for any allowance whatsoever for the reason that their compensation had been specifically fixed and determined by the will of the deceased, and under the express provisions of section 2274 of the Civil Code, they

were entitled to the sum specified therein and no more. The court disregarded the objection.'' (Italics ours.)

In the instant case we are confronted solely with the question whether or not the *executrix* can renounce her compensation under the will and obtain statutory fees in spite of the provision of the will as hereinbefore set forth.

Certainly, sections 1616 and 1618 of the Code of Civil Procedure are not meaningless when they provide:

1616. `` . . . when the decedent by his will makes some other provision for the compensation of his *executor,* that shall be a full compensation for his services, *unless by a written instrument,* filed in the court, *he renounces all claim for compensation provided for in the will.''*

1618. ``The administrator or executor, when no compensation is provided for by the will *or he renounces all claim thereto, must be allowed compensation* upon the amount of the estate accounted for by him as follows: . . . ''

Attention is called to the mandatory character of this section. Perhaps, as stated in the Whitney case, *supra,* and paraphrased by us, ``the payment to her as executrix should be taken into account when she ultimately receives the fees provided for [as trustee],'' but with that we have nothing to do and are not deciding here.

*Estate of Runyon,* 125 Cal. 195 [57 Pac. 783], does not decide otherwise. There the will provided for a fixed compensation for the executors. Neither of the latter filed a renunciation of his claim for compensation under the will, and the court, at page 197, said: ``The amount provided by the will must be taken as the measure of compensation which the testator deemed ample for all services to be rendered in the execution of the trust, *and if the executors,* either upon assuming their office, or by reason of unexpected circumstances occurring during the course of their administration of the trust, *are called upon to perform extraordinary services, they must first renounce the compensation provided by the will before they can be entitled to any allowance for such additional services.* The compensation of an executor, whether according to the rates fixed by the statute or as determined by the testator, is not a gratuity, but is in consideration of the services he may render, and the amount fixed by the statute is deemed ample compensation for the services ordinarily required. If

the executor would claim that his services entitle him to a greater compensation than that allowed by the statute, he must first renounce that provided by the will, and the court can then make him such allowance as will fully compensate him. *Unless such renunciation is made*, the provision in the will will be held under section 1616 to be 'full compensation' for his services." (Italics ours.)

Hence we decide that the court erred in disallowing the items of statutory compensation, $1,458.16, and for special services, $500. The special services plainly were rendered by appellant as executrix and not as trustee.

Now with reference to the item of $35. Prior to the amendment of section 1559 of the Code of Civil Procedure in 1921 [Stats. 1921, p. 210], the executor or administrator could not bind the estate by a contract for broker's commission for the sale of real estate. The rule is correctly stated in *Hickman-Coleman Co.* v. *Leggett*, 10 Cal. App. 29, at pages 31 and 35 [100 Pac. 1072–1074], as follows: "It is well settled that an executor or administrator cannot create any liability against the estate in his charge by his employment of attorneys, brokers or others to assist him in the performance of his duties. The attorney, broker or other person employed has no action or claim against the estate. Whatever claim he has, whether it be absolute or conditional, is against the executor or administrator in his individual capacity, who in turn may, if the expenditure was made in good faith and was proper, be credited therewith in the settlement of his accounts with the estate. (Citing cases.) . . . The amount that might be allowed him in his settlement with the estate did rest with the court. But before the court can fix such amount it is necessary that he as executor ask for such allowance. Whatever allowance is made must be made to the executor and not to the broker. This is so well established as the law in this state that it is quite unnecessary to cite authorities." (See, also, *Estate of Willard*, 139 Cal. 501, 506 [64 L. R. A. 554, 73 Pac. 240], *Golden Gate etc. Co.* v. *Taylor*, 168 Cal. 97 [Ann. Cas. 1915D, 742, 52 L. R. A. (N. S.) 1152, 141 Pac. 922], *Eastwood* v. *Stewart*, 64 Cal. App. 617 [222 Pac. 369], and *McKee* v. *Hunt*, 142 Cal. 526, 527 [77 Pac. 1103].) It was, therefore, incumbent upon the probate court to determine "if the ex-

penditure was made in good faith and was proper." As none of the evidence taken before the trial court appears in the record, we must presume that fact to have been decided adversely to the appellant. "Every intendment and presumption not contradicted by or inconsistent with the record on appeal must be indulged in favor of the orders and judgments of the superior court." (2 Cal. Jur. 852, sec. 499.)

That portion of the order disallowing the items of statutory compensation, $1,458.16, and special services, $500, is reversed, with instructions to the lower court to allow said items and settle said final account accordingly. That portion of the order disallowing the item of $35 is affirmed.

Works, P. J., and Thompson, J., concurred.

A petition by respondent for a rehearing of this cause was denied by the district court of appeal on November 17, 1927.