[Civ. No. 14549.   Second Dist., Div. One.   Dec. 1, 1944.]

Estate of JOHN LOFTUS VAN EVERY, Deceased. GROVER BOSSERT, Appellant, v. IRIS M. CURTIS et al., Respondents.

Lawrence Paul Scherb for Appellant.

Hanna & Morton and James M. McRoberts for Respondents.

DRAPEAU, J. pro tem.—In this case the decedent left a last will and testament, a codicil to which contained the following provisions:

"Article II.   I give and bequeath to Grover Bossert the sum of Four Thousand ($4,000.00) Dollars to be paid him in lieu of statutory attorney's fees for his services in probating my Last Will and Codicil thereto, it being my intention that he receive an additional Two Thousand ($2,000.00) Dollars provided to be paid him for such services in my Codicil dated April 10, 1940.

"Article III.   I realize the extent and proportion of my estate and the difficulty that may be connected with the pro-

bate thereof by reason of the antagonism and unfriendliness which my relations have exhibited and held toward me in recent years, and should my estate at the time of my death be diminished to the point where the above monies provided to my executor and attorney be greater than statutory, I nevertheless direct that they, and each of them, shall receive the amounts as herein provided.''

The probate court held that by this provision in the will the testator intended $4,000 to include all·attorney's fees in the probate of the estate, and refused to grant appellant $7,500 extraordinary fees. Appellant contends that this was error because the testator's intention was to pay the attorney for his estate extraordinary fees in addition to the $4,000 paid him in lieu of regular probate fees. Petitioner applied for and was paid this amount during the course of administration.

When fees of an executor are involved, Probate Code, section 900, provides: ''but when the decedent, by his will, makes other provision for the compensation of the executor, that shall be a full compensation for his services, unless by a written instrument, filed in the court, he renounces all claim for compensation provided for in the will.''

Commenting upon the application of this code section, the Supreme Court in *Estate of Runyon,* 125 Cal. 195, 197 [57 P. 783], observes:

''The amount provided by the will must be taken as the measure of compensation which the testator deemed ample for all services to be rendered in the execution of the trust, and if the executors, either upon·assuming their office, or by reason of unexpected circumstances occurring during the course of their administration of the trust are called upon to perform extraordinary services, they must first renounce the compensation provided by the will before they can be entitled to any allowance for such additional services. The compensation of an executor, whether according to the rates fixed by the statute, or as determined by the testator, is not a gratuity, but is in consideration of the services he may render, and the amount fixed by the statute is deemed ample compensation for the services ordinarily required. If the executor would claim that his services entitle him to a greater compensation than that allowed by the statute, he must first renounce that provided by the will, and the court can then make him such allowance as will fully compensate him. Unless such renunciation is made, the provision in the will will be

held under section 1616 to be 'full compensation' for his services.''

The present case involves counsel's rather than executor's fees.

The allowance of attorneys' fees is committed to a broad discretion in the probate court. The court determines what would be a just and reasonable allowance (*Estate of Hite,* 155 Cal. 448 [101 P. 448]); and unless there appears to be an abuse of discretion in such allowance or disallowance, an appellate court is not at liberty to disturb the trial court's conclusion (*Estate of Fulton,* 23 Cal.App.2d 563 [73 P.2d 664]).

By the executor's account, the total value of the estate was $86,633.25; computing a statutory fee of $1,696.33. When the estate's attorney received $4,000, he was paid $2,203.67 more than the ordinary probate fees. In addition, he then petitioned the court for a further allowance of $7,500 as extraordinary compensation.

Regardless of the process of reasoning by which the probate judge determined to deny appellant's petition for extraordinary fees, the order as finally made was within the discretion of the court, and there appears to have been no abuse of such discretion.

The judgment is affirmed.

York, P. J., and White, J., concurred.

A petition for a rehearing was denied December 20, 1944, and appellant's petition for a hearing by the Supreme Court was denied January 29, 1945. Carter, J., and Schauer, J., voted for a hearing.