[No. 13356.    Department Two.— August 5, 1891.]

MIRANDA E. MURRAY, APPELLANT, v. THE HOME BENEFIT LIFE ASSOCIATION, RESPONDENT.

LIFE INSURANCE — WAIVER OF FORFEITURE. — If an insurance company, after knowledge of any default for which it might terminate the contract of insurance, enters into negotiations or transactions with the assured which recognize the continued validity of the policy, and treat it as still in force, the right to claim a forfeiture for such previous default is waived.

ID. — AGREEMENT TO ACCEPT OVERDUE PREMIUM. — An agreement to accept, at a future time, an overdue premium, and a tender in pursuance of such agreement, is a waiver of any forfeiture which might have been enforced because the premium was not paid when due.

ID. — FORFEITURES NOT FAVORED — PRESUMPTION THAT WAIVER IS UNCONDITIONAL. — Forfeitures are not favored, and a waiver of a forfeiture

will be treated as unconditional, unless it clearly appears that it was otherwise understood by the parties.

ID. — REQUEST FOR PAYMENTS AFTER FORFEITURE — TENDER — REASONABLE TIME — QUESTION OF FACT. — Where the insurance company requests the assured to make overdue payments of premium after a forfeiture has accrued, without any conditions expressed in the request, a tender of such payment may be made within a reasonable time after such request, and it cannot be said, as matter of law, that a payment of premium tendered three weeks after such request was not made within a reasonable time.

ID. — BI-MONTHLY ASSESSMENTS — NEW ASSESSMENT AFTER FORFEITURE — LETTERS REQUESTING PAYMENT — WAIVER — TIME FOR PAYMENT. — Under a life insurance policy providing for bi-monthly assessments, and for a forfeiture of the rights of the insured under the policy in the event of a failure to pay any assessment within thirty days after notice thereof, where it appears that although more than thirty days had elapsed after notice of each of two previous assessments, the insurance company wrote to the insured, after full knowledge of the non-payment of the previous assessments, requesting payment thereof, and wrote another letter, about the same time, notifying him that another assessment would be due upon a specified date, and in substance requesting payment of such new assessment, such letters constitute a waiver of the previous defaults, and payment may be made of all the assessments at any time prior to the maturity of the last assessment.

ID. — TENDER DURING LAST ILLNESS. — If the tender of payment of the assessments due was made before the expiration of the time given by the insurance company within which payment was to be made, the fact that at the time of the tender the insured was in his last illness and within a few days of his death does not render the tender ineffectual, the offer to receive the assessments containing no condition that the assured must be in good health at the time of payment.

ID. — ACTION UPON POLICY — EVIDENCE — POLICY IN ANOTHER COMPANY. — In an action upon a life insurance policy, brought by the administratrix of the assured, the insurance company cannot properly question the plaintiff as to another policy held by the deceased in another company, and as to the payment of premiums thereon.

APPEAL from a judgment of the Superior Court of the city and county of San Francisco, and from an order denying a new trial.

The facts are stated in the opinion of the court.

*L. T. Hengstler,* and *James Alva Watt,* for Appellant.

If the insurance company, after knowledge of the breach, enters into negotiations or transactions with the

assured which recognize and treat the policy as still in force, it will be regarded as having waived the right to claim the forfeiture. (*Queen Ins. Co.* v. *Young*, 86 Ala. 424; 11 Am. St. Rep. 51; *Viele* v. *Germania Ins. Co.*, 26 Iowa, 9; 96 Am. Dec. 83; *Steele* v. *St. Louis Mut. L. Ins. Co.*, 5 Cent. Law J. 158; *Young* v. *Mut. Life Ins. Co. of N. Y.*, 2 Saw. 325; *Chicago Life Ins. Co.* v. *Warner*, 80 Ill. 410; *O'Brien* v. *Union Mut. Life Ins. Co.*, 22 Fed. Rep. 586; *Farnum* v. *Phœnix Ins. Co.*, 83 Cal. 256; 17 Am. St. Rep. 233.) An agreement to accept and a tender of payment of an over-due premium according to such agreement is a recognition of the existence of the policy and the company's election to waive the forfeiture. (*Ins. Co.* v. *Norton*, 96 U. S. 234; *O'Brien* v. *Union Mut. Life Ins. Co.*, 22 Fed. Rep. 586.) The levy of an assessment upon the insured after his policy had by its terms become forfeited was a waiver of the forfeiture. (*Stylow* v. *Wisconsin etc. Ins. Co.*, 69 Wis. 224; 2 Am. St. Rep. 738; *Osterloh* v. *New Denmark etc. Ins. Co.*, 60 Wis. 126; *Hopkins* v. *Manufacturers' etc. Ins. Co.*, 43 U. C. Q. B. 259.) By the terms of the notice, Murray was required to pay the new assessment on the first day of October, and the fact that the death occurred before the time limited for the payment does not give the company the right to claim a forfeiture. (*Protection Life Ins. Co.* v. *Palmer*, 81 Ill. 89; *Bankers' & M. M. L. Ass'n* v. *Stapp*, 77 Tex. 517; 19 Am. St. Rep. 772. See *Farnum* v. *Phœnix Ins. Co.*, 83 Cal. 256; 17 Am. St. Rep. 233.) The plaintiff had a reasonable time to act upon the defendant's proposal, and the tender of payment was within a reasonable time. (*Carson* v. *German Ins. Co.*, 62 Iowa, 433; *Miesell* v. *Globe Mut. Life Ins. Co.*, 76 N. Y. 115.)

*T. C. Van Ness*, and *Van Ness & Roche*, for Respondent.

A member in a co-operative life insurance association cannot neglect the payment of premium assessments of

which he has notice when due, and thereafter, when taken with a fatal illness, secure the benefit of the insurance by tender of the unpaid assessments. (*Piedmont and Arlington Life Ins. Co.* v. *Ewing*, 92 U. S. 377; *Servoss* v. *Western Aid Society*, 67 Iowa, 86; *Mutual Protection Life Ins. Co.* v. *Laury*, 84 Pa. St. 43; *Benevolent Society* v. *Baldwin*, 86 Ill. 479.) To support a claim of waiver of the forfeiture, there must be either a contract to that effect, supported by a sufficient consideration, and having the other essential requisites of a legal contract, or there must be present the necessary elements of a legal estoppel. (*Benevolent Society* v. *Baldwin*, 86 Ill. 479.) The question of reasonable time in the payment of the assessments was one for the trial court, and in holding that the time within which acceptance was notified was not reasonable, it did not err. As the act to be performed by Murray was the payment of money only, — an ascertained and known amount, — he was bound to accept and pay at once. (Civ. Code, sec. 1657; *Brennan* v. *Ford*, 46 Cal. 7, 14.) Forfeitures because of non-payment when due of premiums upon life policies are not looked upon by the courts with the same unfavorable eye as those arising from breaches of other conditions. The receipt of premiums at the times stipulated for is essential to the life of these companies, and payment *ad diem* is strictly enforced. (*N. Y. Life Ins. Co.* v. *Statham*, 93 U. S. 24; *Mobile Life Ins. Co.* v. *Pruett*, 14 Ins. Law J. 130.)

DE HAVEN, J. — The plaintiff is the beneficiary named in an insurance policy upon the life of one Lemuel T. Murray, the policy being a certificate of membership issued by defendant to said Murray upon accepting him as a member of said Home Benefit Life Association. By the terms of the certificate, the holder was to pay to the defendant six assessments per annum, at stated times and in stated amounts, and it was also provided that no claim was to be made thereunder "should the

member neglect or omit to pay the last assessment that may have been levied on this certificate within thirty days from the date of the notice thereof." Upon September 1, 1886, the assessments which had fallen due on June 1st and August 1st of that year were still unpaid, and the defendant on that day addressed a note to said Murray, calling his attention thereto, with a request that he remit the amount due. At or about the same day it also addressed to him this letter:—

"According to the conditions of your certificate of membership, No. 8361, an assessment amounting to $29.40 will be due and payable at this office on the 1st of October, 1886. Remittances should always be made payable to      HOME BENEFIT LIFE ASSOCIATION,

"San Francisco, Cal.

" Return this notice with remittance."

On September 22, 18℃6, the said Murray, unable from sickness to make the payment in person, sent to the defendant the amount due on assessments for June and August of that year, which the defendant declined to receive, its president saying that he could not, under the circumstances, "but would be only too happy to do so" when Murray should come and tender it himself. Murray died on September 30, 1886. The plaintiff was nonsuited, and the only question before us is, whether, upon the foregoing facts, the certificate or policy was in force at the date of Murray's death.

There can be no doubt that the failure of the deceased to pay the assessments of June and August within thirty days after notice thereof released the defendant from all further liability upon the certificate held by him, if the defendant company had so elected; but conditions like that before quoted from this certificate, which, in effect, provide for a forfeiture of all rights thereunder unless payment of assessments is made within the time specified, may always be waived by the

party for whose benefit they are inserted in the contract; and the rule is firmly established in this class of cases that if the insurance company, after knowledge of any default for which it might terminate the contract, enters into negotiations or transactions with the assured which recognize the continued validity of the policy, and treat it as still in force, the right to claim a forfeiture for such previous default is waived. (*Viele* v. *Germania Ins. Co.*, 26 Iowa, 9; 96 Am. Dec. 83; *Queen Ins. Co.* v. *Young*, 86 Ala. 424; 11 Am. St. Rep. 51; *Titus* v. *Glens Falls Ins. Co.*, 81 N. Y. 419.) Imposing or collecting an assessment by a mutual insurance company, after the company has knowledge of facts entitling it to consider the policy no longer binding upon it, without its assent, is, upon this principle, held to be a waiver of the right to claim the forfeiture which otherwise it might have insisted upon. The cases are numerous which hold that the acceptance of a premium after the time when it should have been paid is a waiver of the forfeiture which might have been enforced because it was not paid when due, and precisely the same effect is given to an agreement to accept at a future time such overdue premium, and a tender in pursuance of such agreement. In speaking of acts showing an election to continue the existence of the policy of insurance, and to waive a forfeiture incurred, the supreme court of the United States in the case of *Insurance Company* v. *Norton*, 96 U. S. 234, say: " It is conceded that the acceptance of payment has this effect; and we do not see why an agreement to accept, and a tender of payment according to the agreement, should not have the same effect. Both are acts equally demonstrative of the election of the company to waive the forfeiture of the policy."

The respondent, while not disputing the general rule that a forfeiture may be waived at the option of the person entitled to enforce it, insists that the letters of the defendant, above referred to, show only an offer by it to

waive the previous default in the payment of the June and August assessments upon condition that such past-due assessments were immediately paid, and while the insured continued in the same state of health. There are no such conditions expressed in these letters, and we do not think any such arise therefrom by legal implication. The one, calling attention to the assessments already due, and requesting payment, specified no time within which such payment was to be made. A tender, therefore, within a reasonable time would have been sufficient to satisfy the requirements of this letter, and it cannot be said as a matter of law that the tender actually made was not within such time. But the letter notifying the insured that an assessment would be due and payable on October 1st, and in substance requesting payment, of itself constituted a waiver of the previous default, and must be construed as an unconditional offer to accept payment of that assessment on or before the date named. It was, in effect, an assertion that the certificate was still in force, and, notwithstanding previous defaults known to the defendant, would remain in force until the date therein named for such payment. As already stated, this notice was sent after full knowledge by defendant of the non-payment of the previous assessments; and if it was the intention to make the acceptance of the amount to become due on this assessment conditional upon the payment of such prior assessments, immediately upon the receipt of the other letter, it should have so stated; but not having done so, we think its legal effect was to waive the previous forfeiture, and continue the certificate in force until October 1st; and this being so, the insured had the right at any time after receiving it, and before October 1st, to make payment of all assessments accruing prior thereto, and necessary to be made in order to give the certificate continued existence.

Forfeitures are not favored, and it necessarily follows

from the rule that a forfeiture will not be enforced unless specifically and definitely provided for in the contract, that a waiver thereof will be treated as unconditional, unless it clearly appears that it was otherwise understood by the parties.   The supreme court of the United States, in *Insurance Company* v. *Norton*, 96 U. S. 234, say: " It is true, we held in Statham's case (93 U. S. 24) that in life insurance, time of payment is material, and cannot be extended by the courts against the assent of the company.   But where such assent is given, the courts should be liberal in construing the transaction in favor of avoiding the forfeiture."   And there is nothing unjust in this rule, as the party entitled to claim a forfeiture need not waive it, but may stand upon his contract as written; or if he desires to waive his strict right only upon condition, the condition can be specified so as to leave no doubt of the real intention.   In giving further time for the payment of the assessments of June and August by its letter of September 1st, the defendant could, if it had so desired, have prevented all controversy by fixing the time within which they must be paid, or by requiring immediate payment, as was done by the insurance company in *Servoss* v. *Western Aid Society*, 67 Iowa, 86, a case cited and relied upon by respondent.

The fact that no tender of payment was made by the insured until his last illness was upon him, and near his death, we do not regard as material.   If the certificate was then in force, and we hold that it was, he had a right to pay what was then due.   It was not made a condition of defendant's offer to receive said assessments that he must be in good health at the time of payment.

As the case must be remanded for a new trial, it is proper to add that the questions asked on the cross-examination of the plaintiff, relating to the policy held by the deceased in another company, and the payment of

premiums therein, are not relevant to any issue in this case.

Judgment and order reversed.

SHARPSTEIN, J., and McFARLAND, J., concurred.