[No. 15201.    Department One.—December 26, 1894.]

## MIRANDA E. MILLS, RESPONDENT, v. HOME BENE-FIT LIFE ASSOCIATION, APPELLANT.

APPEAL—LAW OF CASE.—Where the facts are the same upon a first and second appeal the law of the case is established by the decision of the court upon the first appeal.

LIFE INSURANCE—WAIVER OF FORFEITURE—NOTICE TO PAY ASSESSMENT.—Where a person insured in a home benefit life association has made default in the payment of assessments a forfeiture on account of such default is waived by a letter written to the insured by the company, notifying him that an assessment would be due upon a day named in the future, and requesting a remittance of the assessment on or before the date specified.

ID.—HEALTH CERTIFICATE—QUESTION OF FACT—CIRCUMSTANTIAL EVIDENCE—CONFLICT.—The question whether a health certificate was sent with the notice of assessment, which the insured was unable to make, because he was not then in good health, is a question of fact, and a finding that such health certificate was not sent with the notice will not be disturbed upon appeal, where the evidence as to the fact is purely circumstantial on both sides, and there is circumstantial evidence in support of the finding.

ID.—FINDING OF WAIVER—IMPLIED FINDING—INTENTIONAL FAILURE TO SEND HEALTH CERTIFICATE.—Where the court finds as an ultimate fact that the insurance company waived a forfeiture such finding implies a finding of an intentional failure by the company to send a health certificate, if necessary to support the waiver.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco and from an order denying a new trial.

The facts are stated in the decision rendered upon the former appeal, 90 Cal. 402, and in the opinion of the court upon this appeal.

*T. C. Van Ness*, and *L. A. Redman*, for Appellant.

If the health certificate was not mailed with the second notice of assessment the omission to mail it was not the result of an intention not to mail it, but was rather the result of an oversight of some employee of the defendant, and therefore there was no waiver by the company of the forfeiture, as a waiver is an intentional relinquishment of a known right. (*Donahue* v. *Windsor*

*County Mut. Fire Ins. Co.*, 56 Vt. 382; *Findeisen* v. *Metropole Fire Ins. Co.*, 57 Vt. 520; Richards on Insurance, 68; Ostrander on Insurance, 547; *Bennecke* v. *Connecticut Mut. Life Ins. Co.*, 105 U. S. 355; *Robertson* v. *Metropolitan Life Ins. Co.*, 11 Ins. L. J. 353; *Ronald* v. *Mutual Reserve Fund Life Assn.*, 132 N. Y. 378; *Maginnis' Estate* v. *New Orleans etc. Assn.*, 43 La. Ann. 1136; *Garbutt* v. *Citizen's Life and Endowment Assn.*, 84 Iowa, 293.) The mere failure of a clerk of the defendant to inclose the health notice, against the general custom of the defendant, would not constitute a waiver of a right not intended by the company to be waived. (*Nashville Ins. Co.* v. *Ewing*, 2 Baxt. 305.) Assuming still that no health notice was inclosed with the letter of September 1st, it cannot be claimed that that omission operated to estop the defendant from availing itself of the forfeiture, as no estoppel is pleaded, proven, or found. (*Dwelling House Ins. Co.* v. *Johnson*, 47 Kan. 1; *Texas Banking Co.* v. *Hutchins*, 53 Tex. 61; 37 Am. Rep. 750.)

*L. T. Hengstler*, and *James Alva Watt*, for Respondent.

GAROUTTE, J.—The facts of this case are fully stated in *Murray* v. *Home Benefit Life Assn.*, 90 Cal. 402; 25 Am. St. Rep. 133. Upon that appeal, by the decision of the court, the cause was remanded for a new trial. The respondent has since married, a new trial has been had, and the case is again before us upon the merits. In this action a recovery is sought upon a policy or certificate of insurance, issued by appellant upon the life of respondent's husband. Prior to his death he suffered default in the payment of two certain assessments, and such default is now relied upon to defeat the right of recovery. Respondent insists that the forfeiture incurred by reason of the aforesaid defaults was waived, owing to an extension of time being granted to make the payments, and this court's disposition of the case is solely dependent upon the conclusion to be arrived at from an examination of this question of forfeiture and

waiver. The facts in the main are similar to the facts presented at the previous trial, and to a great extent the law of the case has been established by the prior decision of this court. The waiver of the forfeiture was based upon a letter written to the insured by the company, notifying him that a certain assessment would be due upon a named day in the future, and in effect requesting a remittance thereof on or before that time; and in this regard, upon the previous appeal, the court declared the law as follows: " But the letter notifying the insured that an assesssment would be due and payable on October 1st, and in substance requesting payment, of itself constituted a waiver of the previous default, and must be construed as an unconditional offer to accept payment of that assessment on or before the date named. It was, in effect, an assertion that the certificate was still in force, and, notwithstanding previous defaults known to defendant, would remain in force until the date therein named for such payment. As already stated, this notice was sent after full knowledge by defendant of the nonpayment of the previous assessments; and if it was the intention to make the acceptance of the amount to become due on this assessment conditional upon the payment of such prior assessments, immediately upon the receipt of the other letter, it should have so stated. But not having done so, we think its legal effect was to waive the previous forfeiture, and continue the certificate in force until October 1st, and, this being so, the insured had the right, at any time after receiving it, and before October 1st, to make payment of all assessments accruing prior thereto, and necessary to be made in order to give the certificate continued existence."

To avoid the force and effect of the prior decision of this court as to the waiver, upon the second trial it was attempted to be shown that a health certificate (to be signed and returned to the company) was inclosed to the insured in connection with these notices of assessments due, to the effect that the insured was in good health,

when he forwarded the remittance. At the time the insured tendered a payment of the amounts due under his certificate of insurance he was not in good health, and was unable to make the certificate contemplated, and for these reasons it is now insisted the facts of the present case are different, the law of the case inapplicable, and the waiver not proven.

Upon the question of the sending of a health certificate to the insured an issue of fact was presented to the trial court, and upon that issue the court made its finding; and after first finding as a fact that it was the customary practice of defendant to inclose these certificates with notices of delinquent assessments, the court further found " that said custom was not invariable, and was not followed in the instance of the sending to said Murray of the notice of said assessment to become due and payable on or before the first day of October, A. D. 1886, but the failure to so mail the notice that such certificate was required was an exception to the customary practice of said company."

Appellant now insists that the portion of this finding to the effect that defendant mailed no health certificate to the insured is unsupported by the evidence, but we cannot say so by the record. The testimony upon the one side is that of the ex-secretary of the company, and upon the other that of the plaintiff, the former wife of the insured. The ex-secretary does not testify positively that the certificate was sent; the wife does not testify positively that it was not received. The evidence as to the fact is purely circumstantial upon both sides. The appellant says it was the custom of the company to send this paper under the then existing conditions; *ergo,* it was sent. The respondent says it was the custom of the wife to receive all insurance papers sent to the insured; she did not receive this one; *ergo,* it was not sent. The question appears to be one of presumption, inference, probability, and conjecture, and under such circumstances we will not disturb the court's best judgment as to the truth of the fact.

It is further contended that it is immaterial under the evidence whether the health certificate was mailed or not; that if it was not mailed it was an unintentional omission upon the part of the company, and a mistake of its employees; that a waiver is defined to be an intentional relinquishment of a known right, and that upon the present state of facts the elements constituting a waiver of the forfeiture are consequently wanting. Under the law of the case, as declared in a former portion of this opinion, we do not see how this contention can be urged with any hope of success. In the absence of the receipt by the insured of a health certificate, the former decision seems to be conclusive of the rights of the parties. The case was litigated and decided solely upon that state of facts, and the reasons, good or bad, why the notices were forwarded to the insured by the company without health certificates appear from the reading of that decision to be matters entirely immaterial. It appears to be held that the company's intentions are to be judged by its acts. But another conclusive answer to appellant's position in this regard presents itself to our minds: There is no finding of fact by the court that the failure to send the health certificate occurred by mistake or oversight, but, inferentially, the finding is to the contrary, if we concede appellant's position as to the law upon this point to be correct. For a waiver is found as a matter of fact, and as the ultimate fact, and if an intentional failure by the company to send this health certificate is necessary to support the waiver, then we are bound to presume the court so found the fact. We think there is evidence to support an express finding of fact to that effect. Certainly, as the cause now presents itself to us, we are not justified in saying, from the evidence, that a failure of the company to send the certificate was an unintentional omission upon its part. There is nothing whatever to support such a statement, aside from the *general* custom of the company, for the court finds the practice was not an invariable one. As opposed to appellant's position,

it is disclosed that the sending of the notice to the insured of the October assessment, there being two delinquent assessments unpaid at that time, was a wide departure from the custom of the company, and it can only be explained upon the ground that the company was solicitous to retain the insured as a member thereof. If such a desire actuated its conduct in giving notice of the October assessment it is most reasonable to presume that, actuated by the same reasons, it refrained from forwarding the health certificate. Again, there is no evidence whatever but that some one of its many officers, clothed with all necessary authority so to do, did not direct the notices to be sent exactly as they were sent, without the health certificate.

For the foregoing reasons the judgment and order are affirmed.

HARRISON, J., and VAN FLEET, J., concurred.

Hearing in Bank denied.