[Civ. No. 10224. First Appellate District, Division One.—June 8, 1937.]

HELEN SPIEGELMAN, Respondent, v. METROPOLITAN LIFE INSURANCE COMPANY (a Corporation), Appellant.

Knight, Boland & Riordan, J. W. Radil and Richard M. Sims, Jr., for Appellant.

Keyes & Erskine and J. Benton Tulley for Respondent.

THE COURT.—An appeal from a judgment upon a verdict in an action against the insurer brought by the beneficiary under a policy of life insurance.

The appellant, who was the insurer, contends that the policy had lapsed for failure to pay the premium, and was not reinstated; and that the admission over objection of certain statements by an agent was prejudicially erroneous.

Maurice Spiegelman was the holder of the policy, which was for $10,000, and an annual premium thereon in the sum of $376.10 became due on May 26, 1933. By endorsement on the policy the plaintiff was designated as the beneficiary. Prior to June 30, 1932, the insured had borrowed from appellant upon the policy the sum of $2,508.35, and the interest on the loan to May 26, 1932, was $137.31. There was due the insured on this date a dividend of $69.96. Notice of the due date of the premium, stating the amount of the premium, the dividend and the interest on the loan, was given by the insurer before the due date. One Sims was an agent for the insurer, who the latter admits had authority to collect premiums, solicit insurance, deliver form applications for insurance and loans, and to transmit the same when paid or executed to the insurer. For some time before and after the due date the insured was absent from the state but was represented in San Francisco by his son who, according to the testimony, was authorized "to do whatever was necessary to take care of the premium on the policy". After the due date, but before the expiration of the grace period under the policy, Sims called on the son, and was informed that the insured wished a premium loan for as much as would be permitted under the policy. Sims thereupon calculated the loan value of the policy, the dividend payable and the amount necessary to meet the premium. He determined the net amount required to be the sum of $57, and this was paid. On June 30, 1933, seven days later and four days after the grace period, the manager of the insurer's district office in San Francisco, notified the insured that an error in determining the amount necessary to meet the premium had been made by Sims, and that the additional sum of $153.23 was necessary. On August 21, 1933, this amount was also paid. About October 9, 1933, the insured was notified that the

policy had lapsed and that it would be necessary for him to apply for reinstatement. It was testified that the latter, believing this to be true, signed an application for reinstatement, thereupon the insurer demanded as a condition that he be examined by its physician. It appears that while these negotiations were pending the insured was suffering from the disease which caused his death on March 19, 1934, and no examination by the insurer's physician was made. On December 27th the insurer sent the insured its check for $213.33, covering the two payments he had made. It was also testified that the insured, still believing the policy to have lapsed, cashed the check.

The insurer claims that the payments were accepted conditionally, and that its agents were not authorized to accept or receipt for premiums paid after the grace period provided by the policy.

The policy provided that no agent, except those at its head office in New York, should have authority to modify the terms of its policies, and that no payments except those made in exchange for an official receipt issued by its head office should be valid. ■ Nevertheless, it is well settled that when an insurance company, after knowledge of any default for which it might terminate a policy, enters into negotiations which recognize its continued validity, the right to claim a forfeiture for such default is waived; and a waiver may be implied from the acts of the parties. (*Murray* v. *Home etc. Assn.*, 90 Cal. 402 [27 Pac. 309, 25 Am. St. Rep. 133]; *Knarston* v. *Manhattan Life Ins. Co.*, 124 Cal. 74 [56 Pac. 773]; *Faris* v. *American etc. Co.*, 44 Cal. App. 48 [185 Pac. 1035].)

■ Here the acts of the insurer's agent, due to errors in arriving at amounts owing, were reasonably calculated to mislead the insured. The latter's representative paid each amount as requested by the insurer's agent, which were sufficient to meet the premium; and the evidence supports the conclusion that these payments were not received conditionally. In view of testimony which the jury believed the conduct of the insurer in the circumstances was inequitable; and sufficient appears to sustain a finding that its acts constitute a waiver of the right to declare a forfeiture.

■ Nor was the application for reinstatement of the policy, or the acceptance of a repayment made by the insurer after the insured became ill, necessarily an abandonment of

his rights. He appears to have accepted as true the insurer's representations, and it is evident that he misapprehended both the facts and the law. Under such circumstances the law gives relief (*Rued* v. *Cooper,* 119 Cal. 463 [51 Pac. 704] ; *Hannah* v. *Steinman,* 159 Cal. 142 [112 Pac. 1094] ; Civ. Code, secs, 1577, 1578), and this is a case where it should be afforded.

Some evidence of representations by Sims as to the loan value of the policy was introduced over objection that he was without authority to bind the insurer. This, if erroneous, was not prejudicial to a degree which would justify a reversal of the judgment, as other undisputed facts amply support it.

The judgment is affirmed.

A petition for a rehearing of this cause was denied by the District Court of Appeal on July 8, 1937, and an application by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on August 5, 1937.