[Civ. No. 7767.   Third Dist.   Feb. 27, 1950.]

Estate of M. ELVA BARTON, Deceased.   NEAL BUTLER, as Trustee, etc., Respondent, v. HELEN NEWCOMB et al., Appellants.

Tanner, Odell & Taft and Everett Shilling for Appellants.

W. E. Johnson, Ware & Ware and Phil Ware for Respondent.

SPARKS, J. pro tem.*—This is an appeal from a decree settling an account of the trustee and allowing him the sum of $3,000 as compensation for his services rendered during the period covered by the account. The trust was created by the will of M. Elva Barton, Deceased, and appellants are the beneficiaries thereunder.

By the terms of the decree of distribution respondent, Neal Butler, was granted as trustee ''exclusive, sole, absolute and uncontrolled discretion'' in the management of the trust property, which consisted of a ranch and certain farming equipment, with the provision that he should distribute annually to the beneficiaries the net income therefrom. The decree of distribution was made on March 18, 1941, and shortly thereafter the trustee went into possession and assumed his duties as such trustee.

The ranch was successfully operated under his supervision, and more than $35,600 was collected and accounted for by him from farm crops and ranch income. During the period of his accounting he distributed to the beneficiaries as net income an amount in excess of $18,000. In 1945, the corpus of the trust was sold by the trustee for $21,000, and an additional sum of $7,000, representing initial payments on the sale price, was collected by the trustee from the buyer and in the year 1946 distributed to the beneficiaries.

The orchard portion of the property consisted of 20 acres of prune trees and 5 acres of prune and almond trees, and in addition thereto there was some pasture land. Respondent's father had planted the larger portion of the orchard in 1917, and had looked after the property for Mrs. Barton until his death in 1928. Respondent then took over the supervision of the property under a method of compensation which will be discussed hereinafter.

Appellants' principal contention is that the trial court erred in allowing the trustee compensation in the sum of $3,000 for the reason that the decree of distribution limited the amount the trustee might receive, and that the trial court was without authority to allow any sum in excess thereof.

*Assigned by Chairman of Judicial Council.

The particular portion of the decree in issue reads as follows: "Said trustee shall receive compensation for his services as such trustee upon the same basis as his services have been compensated for during decedent's lifetime."

During the lifetime of M. Elva Barton the respondent was receiving, as fees for management services, a sum representing 10 per cent of the amounts collected by him from pasturage rental, and in addition thereto received payment for actual labor performed by him. Under this arrangement his compensation for management averaged between $50 and $75 per year.

▮ It is true that when an instrument by which a trust is created specifically fixes and determines the compensation of the trustee he is entitled to that amount and to no more. (Civ. Code, § 2274; *Estate of Whitney*, 78 Cal.App. 638 [248 P. 754].)

In the Whitney case the court held that the will having limited the amount which the trustees should receive as compensation, their acceptance of the trust constituted an agreement to receive the amount specified and they could be allowed no greater amount.

▮ However, in its written opinion, which is made part of the record on appeal, the trial court said:

"That the settlor of the trust intended a reasonable rather than an insignificant compensation to the trustee, is further supplemented by the fact that Neal Butler had been intimately acquainted with the settlor of the trust for many years; he was, and she knew him to be, a man of sterling character; a skilled and experienced orchardist and farmer of many years experience; that under the trust he would have sole and absolute operation of a large and valuable orchard property; that such undertaking would require and take considerable of his personal time and attention to successfully manage a valuable property in that he would be required to and he did cause the land to be plowed, harrowed, leveled and fertilized; he did properly prune, spray and irrigate the fruit trees; gather, dehydrate, process and market the fruit crops; care and account for all receipts and disbursements in connection therewith; which receipts amounted to approximately $35,-600.00 during the period accounted for, and which he has charged himself with in his account. The settlor of the trust undoubtedly knew that the minor services rendered by Neal Butler during her life time was in no manner comparable to

the difficult task and undertaking imposed by the trust after her death.''

In accordance with its opinion the trial court made the following finding of fact:

''The Court further finds and determines that the word 'basis' contained in the declaration of trust above quoted, should be construed to mean, and does mean, the same percentage of all money which was agreed to be paid him for his services during the lifetime of the settler of the trust. This was 10% of the moneys collected and handled by the trustee. This method of estimating the trustee's compensation should be applied to the moneys received by him as trustee during the period accounted for.''

·Appellants attack this finding as not being supported by the evidence.

The familiar rule on appeal is, of course, that the findings of the trial court must be sustained if they are supported by substantial evidence, and all reasonable and legitimate inferences must be indulged towards upholding them. (*Estate of Bristol*, 23 Cal.2d 221 [143 P.2d 689].) In the case of *Fackrell* v. *City of San Diego*, 26 Cal.2d 196, at page 207 [157 P.2d 625, 158 A.L.R. 625], the Supreme Court reiterated the rule as follows:

''. . . Appellate courts, if there be any reasonable doubt as to the sufficiency of the evidence to sustain a finding, should resolve that doubt in favor of the finding; and in searching the record and exploring the inferences which may arise from what is found there, to discover whether such doubt or conflict exists, the court should be realistic and practical.''

The record here unquestionably shows that after the death of M. Elva Barton the duties of Butler were substantially increased over those he had formerly performed. This was due for one reason to the fact that Mrs. Barton had in her lifetime taken complete charge of the property during the harvesting season. She would come to the ranch during that important period and remain there for three months. During the harvest she not only supervised the orchard work, but managed the marketing of the fruit and nuts. Also prior to her death Butler had nothing to do with the financial management of the ranch, except in the single instance of collecting the pasturage rentals. On the other hand, as trustee he was required to receive all the ranch income from every source, and to expend the same as required, as shown by the many items

of his account. This necessitated the keeping of books, filing of income tax returns, payment of taxes and other charges. In addition, he had to shoulder the burden of complete management which theretofore had been the responsibility of Mrs. Barton.

It is apparent that respondent as trustee entered into a much broader scope of duties and assumed responsibilities materially greater and more onerous than those fulfilled by him during Mrs. Barton's lifetime. In this larger field he was of necessity required to devote more of his time and personal effort to the management of the trust property. In so doing he incurred considerable expense which he makes no claim for in his account. As a result of the exercise of his skill and attention to duty, the trust and its beneficiaries profited. Had the trustor intended that Butler should be restricted in his compensation to only the nominal amount urged by appellants, she could have easily so specified, namely, by stating that he should receive in full for his services 10 per cent of the pasturage rental.

The trial court's finding that the language of the will fixing compensation "upon the same basis" meant on the same percentage of all moneys realized from the operation of the property is further supported by evidence that a 10 per cent overall fee was considered reasonable in that district for complete management services. One witness of long experience in farming in the vicinity testified that a fair fee for such management would be from 15 to 18 per cent of the gross income.

In opposition to the foregoing, appellants stress the fact that the trustee himself during the existence of the trust labored under the impression that his compensation was limited to 10 per cent of the pasturage collections. In support thereof they quote portions of letters written by respondent to the beneficiaries or their representatives. Also they point to certain additional allowances which were solicited by the trustee from the beneficiaries and ultimately paid to him by them as constituting admissions on his part that he was only entitled to the 10 per cent of the pasturage collections. These points, however, merely raised conflicts in the evidence which it was the province of the trial court to resolve.

After reviewing the evidence and giving to it all the legitimate and reasonable inferences to which it is entitled this court must hold that it was sufficient, and substantially supported the finding in question.

As stated above, respondent did solicit from the beneficiaries

during the continuance of the trust the payment to himself of certain amounts in addition to the percentage collected from pasturage rentals. The sum requested by respondent was $600 per year, which after some correspondence between him and the beneficiaries was acquiesced in by them, and paid. In accordance with this arrangement, respondent received from the beneficiaries $1,400, which, together with the collections on the pasturage in the sum of $236.61, constituted the total compensation received by him during his tenure as trustee.

Appellants contend that the sum of $1,400 was obtained from the beneficiaries through the exercise of undue influence on them, and was without consideration. They attack the finding of the trial court to the contrary and urge that the said sum of $1,400 should be returned to the beneficiaries and respondent be limited in his compensation to the sum of $236.61.

The point loses its force, however, by reason of the conclusions hereinbefore announced. The total amount advanced by the beneficiaries and received by Butler was less than the compensation to which he was entitled under the provisions of the will, and, in any event, was ordered repaid by the trial court, in the sense that such advances were duly credited upon the total fee of $3,000 allowed to the trustee.

One further point remains for consideration, namely, whether or not the authorization of the beneficiaries to pay respondent the sum of $200 per year, and the acceptance by him of the amounts so paid, constituted an agreement fixing his compensation and precluding the allowance of any additional amount. It is true that the trustee stipulated that he would not ask any further compensation beyond January 1, 1946. However, it is patent that both the trustee and the beneficiaries were laboring under a mistake of fact, to wit, that his compensation was limited to 10 per cent of the pasturage rentals.

The general rule is that where an agreement is founded upon a mutual mistake of fact which is material and goes to the essence of the contract, relief will be granted to the one against whom it is sought to be enforced. (Civ. Code, §§ 1567, 1578; 12 Am.Jur. § 126, p. 618; *Rued* v. *Cooper,* 119 Cal. 463 [51 P. 704]; *Hannah* v. *Steinman,* 159 Cal. 142 [112 P. 1094]; *Spiegelman* v. *Metropolitan L. Ins. Co.,* 21 Cal.App.2d 299 [68 P.2d 1006].)

The sum of $3,000 allowed respondent as compensation was not only less than the amount provided for in the decree of distribution, but was also found by the trial court to be fair and reasonable.

The allowance of such an amount will, therefore, be approved. The order and decree settling account is, accordingly, affirmed.

Adams, P. J., and Peek, J., concurred.