[Civ. No. 20458.   Second Dist., Div. Two.   Jan. 26, 1955.]

Estate of JOHN C. BODGER, Deceased.   SECURITY-FIRST NATIONAL BANK OF LOS ANGELES (a National Banking Association), Appellant, v. JOHN C. BODGER, JR., et al., Beneficiaries and Respondents.

Denio, Hart, Taubman & Simpson for Appellant.

No appearance for Respondents.

John F. McCarthy, as Amicus Curiae on behalf of Respondents.

McCOMB, J.—Decedent's will created a testamentary trust. It provided that the trustee should be paid an annual fee for its usual and ordinary services of ¾ of 1 per cent of the reasonable value of the corpus of the trust, payable out of income or principal at the discretion of the trustee. The decree of distribution, from which no appeal was taken and which is final, contains a like provision.

In an annual account the trustee took credit for an annual fee computed according to the formula set forth in the will and decree of distribution. In passing on the account, the trial court investigated the nature and amount of services performed by the trustee and concluded that an annual fee of ¾ of 1 per cent exceeded a reasonable compensation for the services performed. On its own motion the court ordered that in ensuing years the trustee would be allowed only a

just and reasonable compensation for services actually rendered.

The trustee was not content with that part of the order providing for just and reasonable compensation in future years, and has appealed from that part of the order so limiting its fees.

■ The question presented is this: *Where a testator in his will specifies an exact and definite percentage formula for compensating his testamentary trustee, and where the decree of distribution which has become final sets out the said percentage formula verbatim as a term of the testamentary trust, may the probate court in settling a trustee's account establish a new and different measure for compensating the trustee?*

This question must be answered in the negative for the following reasons:

### First

The final decree of distribution is a conclusive judgment and the probate court has no power to change the terms of the testamentary trust established by the decree.

These propositions must be borne in mind:

■ (1) A decree of distribution which has become final is as conclusive and final as any other judgment entered by a court of competent jurisdiction; and

■ (2) The probate court acting under the provisions of Probate Code, section 1120,* is exercising a limited juris-

*Section 1120 of the Probate Code reads:

"Jurisdiction of court after final distribution: Accounting by trustee: Notice of rendering account. When a trust created by a will continues after distribution, the superior court shall not lose jurisdiction of the estate by final distribution, but shall retain jurisdiction for the purpose of determining to whom the property shall pass and be delivered upon final or partial termination of the trust, to the extent that such determination is not concluded by the decree of distribution, or settling the accounts and passing upon the acts of the trustee and for the other purposes hereinafter set forth. Any trustee appointed by will, or appointed to execute a trust created by will, may, from time to time pending the execution of his trust, or at the termination thereof, render for settlement his accounts and report his acts as such trustee, before the superior court in which the will was probated. For that purpose, the trustee, or, in case of his death, his legal representatives, shall present to the court his verified account and report, setting forth his accounts in detail, reporting his acts as trustee, and showing the condition of the trust estate, and giving the names and postoffice addresses, if known, of the beneficiaries. The trustee may also petition such court, from time to time, for instructions as to the administration of the trust. The clerk shall set the account and report or petition for settlement or hearing by the court and give notice thereof for the period and in the manner required by Section 1200 of this code. The trustee shall cause notice of the hearing to be mailed to the beneficiaries at their last known addresses, as provided in said Section 1200, whether they have requested special notice or given notice of appearance or not."

diction which does not include the general equity powers of the superior court sitting as a court of equity.

The probate judge in the instant proceeding, on his own motion, elected to delete from the decree of distribution a portion of its explicit terms and to substitute therefor a term of the court's own choosing. In so doing the court acted in direct contravention of section 2274 of the California Civil Code and contrary to the decisions of the appellate courts of this state which declare the terms of a trust set out in a decree of distribution which is final to be inviolable.

In *Goad* v. *Montgomery*, 119 Cal. 552 [51 P. 681, 63 Am. St.Rep. 145], the question before the court was the extent of the power of sale of a testamentary trustee. Appellants therein sought to have the court interpret the will of the testator in a manner different from the import of the decree of distribution. At page 558 the court said: "If the plaintiffs herein had felt that the Decree of Distribution was erroneous or defective, in not giving to them the powers which, in their opinion, the terms of the will authorized to be conferred upon them, they could have appealed therefrom and had the Decree corrected, but by their failure to appeal, the Decree has become conclusive upon them and they can no longer contend for a different construction than such as its terms import."

In the cited case, in addition to holding the terms of a trust to be conclusively determined by a final decree of distribution setting them out, the court also held that the testator was deemed to have created the trust in the precise terms used in the decree.

*Seymour* v. *McAvoy*, 121 Cal. 438 [53 P. 946, 41 L.R.A. 544], is a case wherein creditors sought to reach the interest of beneficiaries in trust property in satisfaction of a judgment. The final decree of distribution rendered therein had distributed the estate of decedent to testamentary trustees to be held in accordance with the terms and provisions of the will. The court held the creditors could not reach the income accumulated for the beneficiaries even if the trust were invalid for the reason that the terms of the trust as set out in the decree of distribution were controlling and conclusive.

In *Keating* v. *Smith*, 154 Cal. 186 [97 P. 300], the question whether a beneficiary had a contingent or vested interest in a trust created by a decree of distribution was presented. The court held that the interest of the beneficiary was vested, saying at page 191: "And that (the Decree of Distribution) is

equally conclusive as an ascertainment and adjudication of the terms of the trust and of the rights of all parties claiming any legal or equitable interest under the will.''

In *Estate of Loring,* 29 Cal.2d 423 [175 P.2d 524], in discussing the jurisdiction of the probate court under section 1120 of the Probate Code and the conclusiveness of the decree of distribution, the court said at page 427: ''It is settled, and the Lorings concede, that a decree of distribution that has become final is a conclusive determination of the terms and validity of a testamentary trust and of the rights of all parties thereunder.'' Again, at page 432: ''It is settled, however, that, once final, an erroneous decree of distribution, like any other erroneous judgment, is as conclusive as a decree that contains no error.''

The limited jurisdiction of the probate court under section 1120 is thus stated in *Estate of Loring, supra,* at page 433: ''Section 1120 itself contemplates that the exercise of the court's equity jurisdiction is so limited, for it provides that the court may determine to whom the property may pass upon the termination of the trust, 'to the extent that such determination is not concluded by the Decree of Distribution.' ''

In *Estate of Van Deusen,* 30 Cal.2d 285 [182 P.2d 565], in considering an order of the probate court permitting an invasion of the trust corpus contrary to the express terms of the decree of distribution and of the will, it was said at page 290: ''A decree of distribution is a final and conclusive construction of the will as against all interested parties including beneficiaries of a testamentary trust.''

It thus appears that the jurisdiction which the probate court retains over testamentary trusts by reason of the provisions of section 1120 of the Probate Code is only a special and limited jurisdiction which does not include the right of the court on its own motion or otherwise to enter an order changing or contradicting a final judgment theretofore entered. (*Estate of Smead,* 12 Cal.2d 20, 24 [3] [82 P.2d 182].)

Were the probate court to have power to change the terms of a decree of distribution, stability would depart from final judgments; there would be no finality to probate proceedings. In the present case when the probate court entered its decree of distribution it reproduced verbatim the terms of the testator's will providing a percentage formula for compensating the trustee. That provision is as much a term of the testa-

mentary trust as the terms thereof controlling the distribution of income. If the probate court has the right to delete the term respecting compensation and to substitute therefor a new provision of its own composition, the stability of the trust is destroyed and vested rights become subject to divestment by arbitrary action.

The function of the probate court under section 1120 of the Probate Code under the present circumstances is to settle the accounts of the trustee in accordance with the decree of distribution and not otherwise. It is not for the probate court acting under section 1120 of the Probate Code to enter a series of new decrees of distribution. Its sole function is to implement in the exercise of its limited jurisdiction the final decree of distribution theretofore rendered.

The case at bar is an excellent example of the dangers inherent in the factual circumstances presented in that the court entered the order appealed from on its own motion. The trustee presented its account and computed its fees in strict accordance with the terms of the decree of distribution. All of the beneficiaries of the subject trust had notice provided by law of the terms of the account and petition. None of them appeared in the probate court to object to the computation of fees in accordance with the terms of the decree. No issue was presented to the probate court concerning the fees of the testamentary trustee, nor concerning the validity or invalidity of the terms of the decree of distribution, nor providing a compensation formula for compensating the trustee. The court, without the issue's being presented, of its own motion entered an order which on its face is a diametric contradiction of the terms of final distribution and in derogation thereof.

### Second

The probate court suggested that its action in entering the order appealed from could be sustained under the power given it under section 1122* of the Probate Code.

When a testator clearly specifies in his will the compensation to be paid to his trustee, the probate court and

---

*Section 1122 of the Probate Code reads:

"On the settlement of each such account the court shall allow the trustee his proper expenses and such compensation for services as the court may deem just and reasonable. Where there are several trustees it shall apportion the compensation among them according to the respective services rendered. It may, in its discretion, fix a yearly compensation for the trustee or trustees, to continue as long as the court may deem proper."

all interested parties are bound thereby and the direction of the testator provides the law of the case. The testator here in his will declared that the testamentary trustee in this matter should be paid for its ordinary and usual duties as such ¾ of 1 per cent per annum, payable quarterly, of the reasonable value of the trust estate.

The decree of distribution specifically provided that the testamentary trustee should be paid for its ordinary and usual duties as such ¾ of 1 per cent per annum, payable quarterly, of the reasonable value of the trust estate.

In *Estate of Hanson,* 159 Cal. 401 [114 P. 810], the testamentary trust created by the will of the decedent specified the compensation to be paid to the testamentary trustee for a period of five years from and after the date of the entry of the decree. By reason of circumstances the trustees acted for a period in excess of five years. The court specifically held that the trustees were entitled to the compensation specified in the will for the period therein specified and that only further or additional compensation beyond that specified in the will would be based upon the court's determination of the value of the services.

Section 2274 of the Civil Code provides as follows:

"Except as provided in section 1122 of the Probate Code, when a declaration of trust is silent upon the subject of compensation, the trustee is entitled to the same compensation as an executor. If it specifies the amount of his compensation, he is entitled to the amount thus specified and no more. If it directs that he shall be allowed a compensation, but does not specify the rate or amount, he is entitled to such compensation as may be reasonable under the circumstances. If there are two or more trustees the compensation shall be apportioned among the trustees according to the services rendered by them respectively."

The foregoing section is explicit in its terms that where a declaration of trust specifies the amount of compensation to be paid to the trustee, the trustee is entitled to the amount thus specified. It is also clear that the trustee is not entitled to more than the amount specified but this in nowise limits the express provision that the trustee is entitled to the compensation specified in the instrument.

This construction of the provisions of Civil Code section 2274, to apply to testamentary trusts as well as *inter vivos* trusts does not do violence to or render unnecessary the provision set out in section 1122 of the Probate Code.

■ Section 1122 of the °Probate Code is operative where the testamentary trust does not specify the compensation to be paid to the trustee.

Section 2274 of the Civil Code is operative where the declaration of trust, whether *inter vivos* or testamentary, does declare the compensation to be paid to the trustees. These sections are not contradictory, they are complementary.

That the Legislature was mindful of section 1122 of the Probate Code is apparent on the face of section 2274 of the Civil Code, since section 1122 of the Probate Code is specifically mentioned in the first sentence of section 2274 of the Civil Code. Such first sentence has no application to the present case, nevertheless it indicates that the Legislature intended section 2274 to apply to testamentary as well as to *inter vivos* trusts.

In the case of *Estate of Whitney,* 78 Cal.App. 638 [248 P. 754], section 2274 of the Civil Code was held to apply to testamentary trusts, the court saying at page 649: ''The order of the court allowing respondents an additional sum, was therefore without authority. Where an instrument by which a trust is created fixes the compensation of the trustees, they cannot claim a larger sum. They are entitled to the amount specified and no more. (Civ. Code, § 2274; *Estate of Runyon,* 125 Cal. 195 [57 P. 783].)''

In this case the appellate court reversed an order of the lower court because it had disregarded the explicit terms of the will creating the trust. At page 650 it is said: ''However this may be, the will having limited the amount which respondents should receive as compensation for their services, both as executors and trustees, and they having accepted their trust, they are bound thereby and the order of the court allowing them a greater amount is without authority.''

It is thus seen that in the Whitney case the appellate court applied section 2274 of the Civil Code and held specifically that the trial court had no alternative but to follow the express provisions of the instrument creating the trust in allowing fees to the trustees.

*In re Shaw's Estate,* 96 Cal.App. 637 [274 P. 612], the principle heretofore announced in the Whitney case was applied, the court saying, at page 639: ''She entered upon her trusteeship upon stepping out of her office as executrix and is entitled to the compensation fixed by the will therefor.''

*In re Barton's Estate,* 96 Cal.App.2d 234 [214 P.2d 857], the beneficiaries appealed from a decree settling the account

of the testamentary trustee and allowing him the sum of $3,000 for his services. The issue involved in the Barton case was actually a matter of interpreting the terms of the decree of distribution as a matter of construction. Nevertheless, the court recognized the applicability of Civil Code section 2274 and the principle of the Whitney case. It said at page 236 [2]: "It is true that when an instrument by which a trust is created specifically fixes and determines the compensation of the trustee he is entitled to that amount and to no more. (Civ. Code, § 2274; *Estate of Whitney,* 78 Cal.App. 638 [248 P. 754].)"

For similar cases from other jurisdictions recognizing the same principles see Bogert on Trusts and Trustees, volume 4, part 2, section 975 et seq., page 371.

It thus appears from the provisions of section 2274, Civil Code, and particularly the second sentence thereof, and appellate decisions of this state, that the section is applicable to testamentary as well as to *inter vivos* trusts. This is appropriate since section 1122 of the Probate Code governs those cases where a testamentary trust does not specify the compensation to be paid the trustee, whereas section 2274 of the Civil Code applies to the situation where the testamentary declaration of trust specifies such compensation.

The testator has the right to specify the compensation to be paid a trustee performing services on his behalf and if he does so it is not within the power of the court to change, alter or modify such provisions, or to substitute its predilection for the expressed instruction of the testator. It has never been doubted that the testator has the right to specify compensation for a testamentary trustee and where he does so, section 1122 of the Probate Code has no application. Particularly is this true since section 2274 of the Civil Code specifically and properly recognizes the right of a testator to specify the compensation to be paid out of the trust estate to his trustee.

### Third

■ The court below had no power to alter the terms of the contract of trust between the testator and his testamentary trustee by omitting terms and adding terms of its own composition.

■ A declaration of trust constitutes a contract between the trustor and the trustee for the benefit of a third party. The trustor declares that he will transfer certain property to a trustee if the trustee agrees to use and dispose of the

property and its proceeds in a manner designated by the trustor for the benefit of third parties. There is in this situation an offer by the trustor and an acceptance by the trustee.

The mutual consent of the parties to the express declaration of trust constitutes a contract between them, each having rights and obligations which may be enforced by the other and by the beneficiary designated in the contract.

This legal situation is recognized by section 2218 of the Civil Code which reads as follows:

*"Parties to the Contract.* The person whose confidence creates a trust is called a trustor; the person in whom the confidence is reposed is called the trustee; and the person for whose benefit the trust is created is called the beneficiary."

In legal contemplation a declaration of trust is nothing other than a third party beneficiary contract. This principle was recognized in the case of *In re Guasti's Estate,* 117 Cal. App.2d 612 [256 P.2d 629], where a testamentary trust was involved and the same was interpreted as involving a contract between the trustor and the trustee.

*In re Whitney's Estate,* 78 Cal.App. 638 [248 P. 754], also recognized the testamentary trust as constituting a contract. At page 649 the court said: "Their [the trustees] acceptance of the trust will be held as an agreement to receive such compensation as the instrument directs."

It thus appears that the following principle set forth in 17 Corpus Juris Secundum (1939), section 296, page 702, is applicable:

"It is not the province of the Court to alter a contract by construction or to make a new contract for the parties; its duty is confined to the interpretation of the one which they have made for themselves, and, in the absence of any ground for denying enforcement, to enforcing or giving effect to the contract as made, that is, to enforce or give effect to the contract as made without regard to its wisdom or folly, to the apparent unreasonableness of its terms, or to the fact that the rights of the parties are not carefully guarded as the court cannot supply material stipulations or read into the contract words which it does not contain so as to change the meaning of the words contained in the contract."

Likewise applicable is the statement of our Supreme Court in *Tanner* v. *Title Ins. & Trust Co.,* 20 Cal.2d 814, where at 824 [129 P.2d 383] it is said:

"But in the absence of fraud or mistake, the intention of the parties as expressed in the agreement is controlling,

and courts are not empowered under the guise of construction or explanation to depart from the plain meaning of the writing and insert a term or limitation not found therein.''

The portion of the court's order settling first and final account from which an appeal has been taken is reversed.

Moore, P. J., and Fox, J., concurred.